### Levi Finney *v.* Theodore Hill.

The writ of *audita querela* is confined to causes which accrued after the former judgment, or to cases where the defendant in the former judgment had, in fact, no notice.

Where the defendant had notice of the action, and sent an agent to answer for him and to appeal the action, who did so, but neglected to enter any bail for the appeal, and, therefore, execution issued, *audita querela* cannot be sustained.

Audita Querela, to set aside a judgment recovered before a justice of the peace, in favor of the defendant against the complainant, in an action of book account, for $41,08, damages and costs.

The complainant alleged, among other things, that, at the time set for trial, before the justice, he sent his son to appear for him and take an appeal from the decision of the justice, to the next term of the county court; that his son accordingly appeared, and after judgment, prayed for an appeal and payed the justice 25 cents therefor, which the justice accepted, and minuted the appeal upon the files; that the son, not knowing that bail for the appeal should be entered within two hours after the rendition of judgment, but believing that it could be done at any time before entering the appeal in the county court, did not procure bail within the two hours. The complainant further alleged, that at the time of the rendition of said judgment, he had an account against the defendant in this suit, then due, exceeding the amount of said

judgment, no part of which was deducted from said defendant's account, at said trial; that the defendant had a credit of more than $30,00, to the complainant, on defendant's book, which was not deducted from the defendant's account, but judgment was rendered for the whole amount of the debit side of the defendant's account against the complainant, and that the defendant had taken out a writ of execution against the complainant upon said judgment.

The defendant demurred, generally, to the complaint, and the complainant joined in demurrer.

The county court decided that the declaration or complaint was insufficient, and rendered a judgment for the defendant, to which decision the complainant excepted.

*S. Foot*, for complainant.

The courts of this state have sanctioned the remedy by *audita querela*, in cases where the party has been deprived of his day in court, for want of notice. *Marvin* v. *Wilkins*, 1 Aik. 107. Also where an appeal has been refused, by a magistrate, on a note indorsed to a less sum than twenty dollars. *Tyler* v. *Lathrop*, 5 Vt. R. 170. It is difficult to see any good reason for granting relief, by *audita*, in these cases, and refusing it in the case now under consideration. If it be said that this is not the proper remedy, where the complaint is grounded upon the wrongful act, or, erroneous judgment of the court, we ask whose act and error was it in refusing an appeal in the case of *Tyler* v. *Lathrop*? And was the party or the court more in the wrong, in that case, than in the present, where a judgment was rendered for more than forty dollars, when, at the same time, by the party's own book, he was entitled to less than one-fourth part of that amount? And, why shall this remedy be granted, in the case of the refusal of an appeal, by the erroneous judgment of the court, and denied in the case where the party is deprived of an appeal by accident, or mistake, or the ignorance of the court?

The ground upon which the remedy is granted, is the wrongful deprivation of a hearing to the party, and that ground is as substantial in the one case as the other. The party was deprived of his appeal, and his day in court,

through the misjudgment of the court, and the misconduct or wrongful doing of the party.

*R. R. Thrall,* for defendant.

The remedy, by *audita querela,* is given by statute, p. 61, sections 11 and 12, which authorizes its allowance in all cases, proper for issuing *an audita querela ;* but does not describe what these cases are ; we are, therefore, driven to the examination of the common law rules, to ascertain the cases, proper for the allowance of this writ. By a reference to the decided cases, in this state, it will be found that the cases, proper for the allowance of this writ, are clearly and distinctly defined to be,—to relieve against a judgment, properly rendered, and subsequently discharged,—and, also, where the judgment has been rendered, and the party has not had his day in court,—and these are the only cases proper for the allowance of this writ.

But this remedy does not apply where the ground of complaint is matter which might have been shown in bar of the judgment, and, in no case, where the party had time and opportunity to take advantage of such matter, and has neglected to do it. *Staniford* v. *Adm. of Barry,* 1 Aik. 321. *Dodge* v. *Hubbell,* 1 Vt. R. 491. 3 Blac. Com. [405. *Wicket* v. *Creamer,* 1 Salk. 264. 1 Ld. Raym. 430. *Day* v. *Gilford,* T. Raym. 19. *Cook* v. *Barry,* 1 Wilson, 98. 3 Vin. Abr., 323. 2 Saunders, 148, note c.

Should it be said that there was an error in the assessment of damages ; to that we reply, it was the complainant's fault ; he should have seen to it at the proper time, when he had the opportunity, and this is not the appropriate remedy. *Weeks* v. *Lawrence,* 1 Vt. R. 435.

The opinion of the court was delivered by

COLLAMER, J.—When the objects, purposes and effect of *audita querela* are considered, it becomes quite obvious why it should be confined to its legitimate causes. It does not, like a proceeding in error, or a proceeding for a new trial, correct only the illegal part, preserving the original cause and proceeding with it to a just and final result. When sustained, it puts the defendant, and his original cause, out of court, and renders damages against him. Clearly, then,

it should be confined to matters transpiring subsequently to the former judgment, and showing that the defendant is making an illegal and oppressive use of final process, for which he should pay damages for his own improper act; or it should be a proceeding with final process, founded on a pretended judgment of court, where, in fact, the party, against whom it issued, never had notice.

In this case, the present plaintiff had legal notice of the action against him. The judgment was rendered by a court of competent jurisdiction. That judgment has not been paid nor reversed. The present defendant is legally pursuing final process on that judgment.

If the present plaintiff is suffering any injury, it is entirely an injury arising from the incompetency or inattention of the agent he sent to attend to his cause and enter an appeal. Though it has been said the law furnishes a remedy for every injury, this, I believe, has never been considered as extending to *self inflicted* injuries. It certainly can be no reason why this defendant should have his cause thrown out of court, and he be visited with damages.

Judgment affirmed.