JOAB POWELL *et al.*

*v.*

CONVERSE CLEMENT *et al.*

1. DEFAULT—*setting aside, a matter of discretion.* The setting aside of a default in a chancery suit is a matter of discretion, the exercise of which by the court can not be inquired into by this court on appeal or writ of error.

2. Where the return of service was regular, in a suit to foreclose a mortgage, and one of the defendants, after default, decree of foreclosure, sale and confirmation thereof, appeared and asked to have the default set aside, and he be allowed to answer, on his affidavit showing a variance between the original summons and the copy delivered by the officer: *Held*: that the motion to set aside the default was properly refused.

WRIT OF ERROR to the Circuit Court of Hamilton county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. SETH F. CREWS, for the plaintiffs in error.

Messrs. TOWNSHEND, ECKLEY & TOWNSHEND, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a motion made by Joab Powell, in the circuit court of Hamilton county, at the February term, 1875, in the cause of Converse Clement and John H. Morgan against Joab Powell and Harriet C. Powell, his wife, to set aside a master's sale, which had been had under a decree of foreclosure of a mortgage, which had been entered in the cause at a previous term, against the defendants, by default, and to vacate the decree and set aside the default, and for leave to allow the said Joab Powell to answer the bill. The court below overruled the motion, and the defendants in that suit bring the record here by writ of error, and assign as error the overruling of said motion.

The decree of foreclosure by default, and for sale of the mortgaged premises, was rendered at the February term, 1874; the master's report of their sale under the decree was made and confirmed at the September term, 1874.

The motion was supported by the affidavit of Powell, that the purported copy of the summons with which he was served was not a true copy of the summons in the case, and that he had a meritorious defense. The particulars in which the copy of the summons with which Powell was served, varied from the summons in the case, were, that, in the copy, there was the absence of a seal, the name of Converse Clement, one of the complainants, was written *Cornelius* Clement, and the date of the issue of the writ by the clerk was February 23, 1874, instead of February 3, 1874, as in the summons, and February 23, 1874, being the return day in the body of the summons.

The summons contained in the record is under the seal of the court, and regular in every respect. It bears upon it the indorsement of the sheriff's return of service, that he served the summons by reading it and delivering a copy of it to each of the defendants, Joab Powell and Harriet C. Powell, February 12, 1874. The return of service appears to be regular and sufficient in every respect

In *Garner et al.* v. *Crenshaw*, 1 Scam. 143, it was held by this court, that setting aside a default was an exercise of the discretionary power of the court, which could not be inquired into on appeal or writ of error. See, also, *Wallace* v. *Jerome*, 1 Scam. 524; *Woodruff* v. *Tyler*, 5 Gilm. 457; *Cox* v. *Brackett*, 41 Ill. 222. We are satisfied, too, that this power was discreetly exercised in the present case.

The decree will be affirmed.

*Decree affirmed.*