# C. H. SAWYER v. C. H. CROSS & SON.

GENERAL TERM, 1892.

*Judgment against absent defendant.   Audita querela.*

If the defendant in a justice suit is without the State at the time of the service of the writ, and continues absent until after the return day, having no notice of the suit, a judgment taken against him upon the return day by default may be vacated by *audita querela.*

*Audita querela.*   Heard at the March term, 1892, Washington county, THOMPSON, J., presiding, upon a general demurrer to the declaration.   Demurrer sustained.   The plaintiff excepts.   The point decided appears in the opinion.

*John W. Gordon* for the plaintiff.

*Audita querela* is the proper remedy to set aside a judgment obtained without notice against an absent defendant. *Alexander* v. *Abbott*, 21 Vt. 476; *Whitney et al.*, v. *Silver*, 22 Vt. 634; *Kidder* v. *Hadley*, 25 Vt. 544; *Johnson* v. *Murphy*, 42 Vt. 645; *Folsom* v. *Connor*, *Exr.*, 49 Vt. 4; *Harmon* v. *Martin*, 52 Vt. 255; *Hill* v. *Warren*, 54 Vt. 73; *Dodge* v. *Hubbel*, 1 Vt. 491; *Stone* v. *Seaver*, 5 Vt. 549; *Tyler* v. *Lathrop*, 5 Vt. 170; *Comstock* v. *Grout*, 17 Vt. 512; *Lincoln* v. *Flint*, 18 Vt. 247; *Paddleford* v. *Bancroft et al.*, 22 Vt. 529; *Stairbird et al.*, v. *Moore*, 21 Vt. 529; *Campbells* v. *Downer*, *Admr.*, 47 Vt. 599; *Rollins* v. *Clement*, 49 Vt. 98.

The right to petition the county court for an appeal is

cumulative, and does not exclude the common law remedy. *Alexander* v. *Abbott*, 21 Vt. 476; *State* v. *Wilkinson*, 2 Vt. 480; *Tyler* v. *Lathrop*, 5 Vt. 170; *Edwards* v. *Osgood*, 33 Vt. 224; *Stanley* v. *McClure*, 17 Vt. 253; *Comstock* v. *Grout*, 17 Vt. 512; *Porter* v. *Vaughn*, 24 Vt. 211; *Harmon* v. *Martin*, 52 Vt. 255; *Hopkins* v. *Haywood*, 34 Vt. 474; *Reynolds* v. *Hanrahan*, 100 Mass. 313; *Pratt* v. *Sherry*, 7 Wend. 236; *Stafford* v. *Ingersoll*, 3 Hill 38; *Waterford, &c., Co.* v. *People*, 9 Barb. 161; *Chittenden* v. *Wilson*, 5 Cow. 165; *Gooch* v. *Stevenson*, 13 Me. 371; *Wheaton* v. *Hibbard*, 20 Jons. 290; *Wetmore* v. *Tracy*, 14 Wend. 250; *Susquehanna, &c., Co.* v. *People*, 15 Wend. 267; *Polluck* v. *Eastern R. R. Co.*, 124 Mass. 158; *Coffin* v. *Field*, 7 Cush. 355; *Melody* v. *Reab*, 4 Mass. 471; Sedg. Stat. Law, p. 93.

*Martin & Carleton* for the defendants.

The declaration shows that summons was left at the last and usual place of abode of the defendant in the original action, and there is no allegation that that was not his home. *White* v. *Clapp*, 8 Allen 283; *King* v. *Jeffrey*, 77 Me. 106.

The plaintiff could avail himself of this defence in the suit now pending upon the original judgment. *White* v. *Clapp*, 8 Allen 283; *Staniford* v. *Barry*, 1 Aik. 321; *Cook* v. *Berry*, 1 Wils. 98; *Faxon* v. *Baxter*, 2 Cush. 35; *Johnson* v. *Roberts*, 58 Vt. 599; *Wicket* v. *Creamer*, 1 Ld. Raymond 439; *Baker* v. *Walsh*, 14 Allen 175; *Barrett* v. *Vaughn*, 6 Vt. 243; *Lovejoy* v. *Webber*, 10 Mass. 101; *Avery* v. *United States*, 12 Wall 304; *Griswold* v. *Rutland*, 23 Vt. 324; Bacon's Abr. Title Audita Querela; R. L. § 1,413.

TAFT, J.  If a defendant in a justice suit is without the State at the time of the service of the writ, and continues

absent until after the return day, has no notice of the suit, and judgment is taken against him, upon the return day, by default, it may be vacated by *audita querela*. Such is the case before us.

*The judgment sustaining the demurrer and adjudging the declaration insufficient is reversed, and cause remanded.*