JOHN CULVER *et al.*

*v.*

WILLIAM O. BRINKERHOFF.

*Opinion filed June 17, 1899—Rehearing denied October 5, 1899.*

1. PRACTICE—*motion to set aside default is addressed to sound discretion of court.* A motion to set aside a default is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been wrongfully and oppressively exercised the Supreme Court will not interfere on appeal.

2. ·SAME—*when motion to set aside decree by default is properly overruled.* A motion to set aside a foreclosure decree entered by default is properly overruled where the affidavit in support of the motion fails to show that the defendant had a good defense to the suit.

3. FORECLOSURE—*when amount of insurance premium paid by mort-gagee cannot be included in decree.* The amount of an insurance pre-·mium paid by the mortgagee cannot be included in the amount due on foreclosure, under a provision of the mortgage authorizing the inclusion of all "moneys advanced for taxes and assessments and *other liens*," even though the mortgagor covenants to keep up insurance. (BOGGS, J., dissenting.)

4. SAME—*court may allow solicitor's fee when authorized by mortgage.* A clause in a mortgage providing for a solicitor's fee in case of foreclosure authorizes the court to allow such fee if reasonable.

*Culver* v. *Brinkerhoff*, 76 Ill. App. 679, affirmed in part.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This writ of error is sued out for the purpose of reviewing a judgment of the Appellate Court, affirming an order entered by the superior court of Cook county on December 13, 1897, overruling a motion made by the plaintiffs in error to set aside a decree of foreclosure entered against them on November 24, 1897.

The facts are substantially as follows: On July 15, 1897, the defendant in error, William O. Brinkerhoff, filed his bill against the plaintiffs in error and others to foreclose a mortgage, made by the plaintiffs in error to secure a note for $3800.00, dated August 24, 1895, and executed by the plaintiffs in error to the defendant in error. On September 7, 1897, plaintiffs in error by their attorney entered their appearance, and on September 25, 1897, filed a general and special demurrer.

On October 4, 1897, counsel for defendant in error caused to be left at the office of counsel for plaintiffs in error a notice, that on the next day, to-wit, Tuesday, October 5, 1897, counsel for defendant in error would call up for disposal the demurrer filed to the bill. The clerk of counsel for defendant in error made affidavit on October 4, 1897, that he had served notice ·upon counsel for plaintiffs in error by leaving a copy of the same at the

latter's office. It appears, however, that such copy of the notice was left at the office in question between two, and three o'clock on the afternoon of October 4, 1897, by putting the same through the door of the office, the door being closed and locked. Counsel for plaintiffs in error says in his affidavit in support of the motion to set aside the decree, that he was in his office on October 4, and October 5, 1897. On October 5 at the opening of court, counsel for defendant in error placed the motion upon the "motion of course calendar," and when the cause was reached in its order, it was by order of the judge placed on the "contested motion calendar" for Monday, October 11, 1897. On Monday, October 11, 1897, the matter was reached upon the contested motion calendar, and the demurrer to the bill was overruled, and an order entered upon the defendants to answer within five days. On October 18, 1897, no answer being filed, a default was entered against plaintiffs in error, defendants below. On November 4, 1897, the cause was referred to a master in chancery, who took the testimony, and made report to the court as to the amount due upon the mortgage for principal and interest, and taxes, and insurance premium, paid by the mortgagee. The master's report was presented to the court on November 24, 1897; and a decree, confirming said report, was on the latter day presented to the court for entry. When the decree was thus presented, counsel for plaintiffs in error was present in court and objected to the entry of the decree, on the ground that he had had no notice, but at that time he made no motion to set aside the default previously entered. Subsequently, on November 30, 1897, leave was granted by the court to the plaintiffs in error to file a motion to set aside the decree; and the consideration of such motion was continued to the next term of the court without prejudice to the plaintiffs in error, defendants below. The motion to set aside the decree was placed upon the contested motion calendar for December 2, 1897, and after-

wards, on December 13, 1897, was heard by the court upon the affidavit of counsel for plaintiffs in error in favor of the motion, and upon the affidavits of counsel for defendant in error and two of his clerks against the motion. As has already been stated, the motion was denied, and exception was taken and an appeal taken to the Appellate Court.

MORTON CULVER, for plaintiffs in error.

G. FRANK WHITE, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Complaint is made by counsel for plaintiffs in error, that, after he had filed a demurrer to the bill in the court below, the demurrer was overruled, and a default taken, and a reference had to a master without notice to him. It clearly appears, that notice to argue the demurrer to the bill was left at the office of counsel for plaintiffs in error on October 4, 1897. Such notice stated, that the demurrer would be called up for argument the next day, Tuesday, October 5. Counsel for plaintiffs in error, although admitting that he was in his office on October 4 and 5, 1897, claims that he never received the copy of the notice so left at his office.

Counsel for plaintiffs in error also contends, that, even if he had received the notice, he was not obliged to appear in court upon the next day in response to it, for the reason that, under the rules of the court, a demurrer to a bill in chancery was not properly put upon the motion of course calendar, but that being a motion, which pertained to the settlement of the pleadings, it properly belonged upon the calendar for contested motions, which was made up on Friday of each week for hearing on the following Monday. The rule of court provides, that, to entitle a motion to be placed and heard on the contested motion calendar, notice thereof must be served on the

solicitor of the opposing party before four o'clock in the afternoon of the preceding Thursday, and that such notice, with proof of service, must be delivered to the minute clerk before 2 P. M. of Friday. In the present case, the judge of the court below ordered the matter placed upon the contested motion calendar, and that it should stand over until the next Monday, which was October 11, 1897.

While it appears that counsel for plaintiffs in error did not actually receive the written notice left at his office, yet it is not altogether clear that he did not know that the demurrer was set for argument on October 11, 1897. He did not appear at the latter date to argue the demurrer. It is not altogether clear, that counsel for plaintiffs in error was at fault in the matter, nor is it altogether clear that he was not at fault in the matter.

The court, however, before the term had passed, at which the decree of foreclosure was entered, permitted counsel for plaintiffs in error to make a motion to set aside the decree, and listened to the case made by him upon his affidavit in support of the motion. We are not satisfied, that the court below erred in refusing to vacate the decree, or that it was guilty of any such abuse of discretion in the matter, as would authorize us to reverse its action for any of the reasons already indicated.

It is well settled in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been wrongfully and oppressively exercised, this court on appeal will not interfere. (*Greenleaf* v. *Roe*, 17 Ill. 474; *Scales* v. *Labar*, 51 id. 232; *Constantine* v. *Wells*, 83 id. 192). It was also held in *Powell* v. *Clement*, 78 Ill. 20, where a motion was made to vacate a decree of foreclosure and set aside a default entered in the foreclosure proceeding, and for leave to answer the bill, and where such motion was overruled, that the setting aside of a default in a chancery suit is a matter of discretion, the exercise of which by the court cannot be inquired into by this

court on appeal or writ of error. This is true, unless it appears that there has been an abuse of such discretionary power on the part of the chancery court.

There was one fatal defect in the affidavit, filed by counsel for plaintiffs in error in favor of his motion, and that defect is, that he failed to show that the defendants had any meritorious defense to the foreclosure suit against them. In *Constantine* v. *Wells, supra,* we said: "But if appellant had been free from negligence, the court was not bound to set aside the default, unless it appeared that he had a meritorious defense to the action." Again, in *Roberts* v. *Corby*, 86 Ill. 182, where a suit was tried in the absence of the defendant and his counsel, and an affidavit was made to set aside the finding and for a new trial, we said: "It is sufficient to say of appellant's affidavit, that he does not state any facts from which the court can see he had any substantial defense to appellee's claim. He says he has a good and valid defense. * * * But this is a conclusion of law to be drawn from facts, and not the statement of a fact. He should have stated the facts as he could prove them, so that the court would have been enabled to draw its own conclusions of law."

Not only did the plaintiffs in error fail to show that they had any defense, but it is quite apparent that the demurrer was filed for delay. The bill was an ordinary bill of foreclosure, to which a copy of the mortgage itself was attached as an exhibit, and made a part of the bill; and there was no ground for sustaining a general demurrer to the bill. The special grounds of demurrer, which are alleged, are, that the bill is not addressed to any term of court; that it does not allege the indebtedness due at the time of filing the bill; and that it shows on its face that the indebtedness was not due at the time of filing the bill. The bill was not objectionable in the respects thus indicated. It is addressed to the judges of the superior court of Cook county, and asks for summons returnable to the August term, 1897, of that court. It alleges

"that there is now due on the said note the sum of $3800.00 with interest thereon at seven per cent from February 24, 1896." It also alleges "that the taxes of 1896 are now due and wholly unpaid, and that your orator will be obliged to pay the same to protect them (the premises) against the sale, which takes place in the month of August, 1897." This latter allegation shows, that the taxes of 1896 were not paid on July 15, 1897, the date of filing the bill. The bill was not defective for this reason. When the proof was introduced, it appeared that the taxes and special assessments for 1896 were paid by the defendant in error on July 23, 1897. The allegation of the bill, as above quoted, was sufficient to justify this proof. The mortgage provided that, in case of non-payment of taxes or assessments by the mortgagors, the mortgagee might pay the same, and add the amount of the payment to the amount due on the mortgage. Hence, there was no error in adding in the taxes to the amount due. Inasmuch, therefore, as there was no legal ground, upon which the demurrer to the bill could be sustained, and inasmuch as counsel for plaintiffs in error did not claim that there was any meritorious defense to the bill, the plaintiffs in error suffered no injury from the action of the court, except in the respect hereafter stated.

It appears that the master, in his report, added into the amount, due upon the mortgage, an insurance premium paid by the defendant in error upon the insurance policy, which had been issued upon the mortgaged property. The mortgage contains the following covenant: "And the said grantors covenant and agree that they will keep the buildings, that may at any time be upon said premises, insured," etc. The mortgage also provides that, in case of any breach of any of the covenants and agreements therein contained, the whole of the principal sum and interest secured by the mortgage shall thereupon at the option of the mortgagee become immediately due and payable. But the mortgage nowhere authorizes insurance

money paid by the mortgagee to be added to the amount due upon the mortgage. The provision of the mortgage is, that, "upon the foreclosure and sale of said premises, there shall be first paid out of the proceeds of said sale all expenses of advertisement, selling and conveying said premises, and $100.00 attorneys' or solicitors' fees to be included in the decree, and all moneys advanced for taxes and assessments and other liens," etc. An insurance premium, paid by the mortgagee, is in no sense a lien upon the premises, and as only "moneys advanced for taxes, assessments and other liens" could be paid out of the proceeds of the sale, it was error to add in the insurance premium in making up the amount due upon the mortgage.

Some complaint is made as to the allowance in the decree of $100.00 for solicitor's fee. But the proof shows that the amount so allowed was a reasonable fee for the foreclosure of the mortgage; and we have held that, when a mortgage or trust deed contains a provision for a reasonable attorney's fee in case of foreclosure, the decree of foreclosure may allow such a fee. (*Haldeman* v. *Massachusetts Mutual Life Ins. Co.* 120 Ill. 390; *Telford* v. *Garrels*, 132 id. 550; *Guignon* v. *Union Trust Co.* 156 id. 135).

For the error in allowing the insurance premium to be added into the amount, for which the decree of foreclosure was rendered, the judgment of the Appellate Court and the decree of the superior court of Cook county are reversed, and the cause is remanded to the latter court with directions to deduct from the decree the amount allowed for insurance and interest thereon, and to execute the decree for the remainder after taking out such amount. In all other respects, except the allowance of the insurance premium, the decree of the superior court is affirmed.

*Reversed in part and remanded.*

Mr. JUSTICE BOGGS: I think the chancellor properly included in the decree the amount paid for insurance premiums.