## John Hartman v. Annie Viera.

1. MOTION—*what is a sufficient.* A mere motion to set aside a judgment made within the judgment term and entered of record is sufficient to preserve the jurisdiction of the court over such judgment, notwithstanding the motion was oral and unaccompanied by a statement of grounds therefor.

2. MOTION—*when, deemed pending.* A motion made at one term is continued by virtue of a general order entered at the term within which it was made, continuing all pending causes; such 'a motion, likewise, would stand continued by virtue of statute and without such general order.

3. MOTION TO SET ASIDE DEFAULT—*when, subject to review.* A motion to set aside a default is addressed to the sound legal discretion of the court and unless it appears that such discretion has been wrongfully and oppressively exercised, a court of review will not interfere.

4. TRIAL—*when, premature.* A trial of the merits of a cause is improper and premature where the plaintiff refuses to participate therein and the case stands upon plaintiff's declaration and defendant's pleas; under such conditions the court should order the cause dismissed for want of prosecution.

Action of assumpsit. Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded with directions. Opinion filed March 16, 1904.

WALTER EDEN, for appellant.

B. GALLIGAN and ROBERT H. PATTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by appellant against appellee and one W. G. Nelson, upon a promissory note alleged to have been executed by appellee to said Nelson for the sum of $150 and indorsed by the said Nelson. Appellee was duly served with summons returnable to the September term of court. On September 22, a default was entered against appellee for want of a plea, and at the same term, on December 24, 1902, judgment was entered against her for $157.50 and costs of suit. During the same term, on January 2, 1902, appellee, by her counsel, entered a *viva*

Hartman v. Viera.

*voce* motion to set aside said judgment, which was entered of record, but failed to file affidavits in support thereof. Nothing further was done in the matter at that term nor was any order entered continuing said motion. At the January term, appellee filed a written motion, supported by affidavits, to set aside the default and judgment. On May 11, 1903, the court granted said motion, against objection of appellant, and ordered the judgment opened up; that the judgment stand as a lien pending a trial of the cause, and gave leave to appellee to plead. She thereupon filed a plea denying the execution of the instrument sued upon. Appellant elected to abide by his judgment theretofore entered and declined to reply to the plea. The court then proceeded to hear the cause upon its merits without a replication, appellant taking no further part in the proceedings, and rendered judgment for the defendant and against plaintiff for costs. The plaintiff appealed to this court.

Appellant contends that the entry of the motion upon the record was not sufficient; that it should have been made in writing and supported by affidavits; that in the absence thereof, there was nothing before the court to be determined, and that the term having lapsed before a written motion was filed, the court lost jurisdiction. While, as a general rule, motions should be made and the grounds therefor stated in writing, we think the entry of the motion upon the records of the court was sufficient as notice to all concerned that such motion was pending and undisposed of.

During said term a general order was entered of record continuing all causes pending not otherwise disposed of. While no order continuing the particular motion until the next term was made or entered upon the records, we are of opinion that it was continued by operation of the statutes, if not by the general order referred to. Section 21 of the statute relating to Circuit and Superior Courts provides that " all causes and proceedings pending and undisposed of in any of said courts at the end of a term shall stand continued till the next term of the court." R. S. 1901, 552.

Section 112 of the statute relating to County Courts provides that " the process, practice and pleadings in said court in common law cases shall be the same as in the Circuit Court in similar cases." R. S. 1901, 567. A motion pending and undetermined at the end of a term will stand continued to the subsequent term, under the statute, without a formal order of continuance. Donaldson v. Copeland, 201 Ill. 540. The power of the court over its judgment, while confined, by the rules of law and by the terms of the statute, to the term at which it is rendered, is yet extended to a subsequent term when a motion to vacate is entered at the judgment term and continued to the subsequent term. Windett v. Hamilton, 52 Ill. 180; Hibbard v. Mueller, 86 Ill. 256. We are of opinion, therefore, that the motion to set aside the default and judgment was properly entered and continued to the following term, and that the trial court retained jurisdiction at the term the judgment was entered.

Appellant insists that the record fails to show either that appellee had a meritorious cause of action, or that she exercised proper diligence in preparing the same, and that the court abused its discretion in setting aside the default and opening up the judgment. It is well settled in this state that a motion to set aside a default is addressed to the sound, legal discretion of the court and that unless it appears that such discretion has been wrongfully and oppressively exercised, a court of review will not interfere. Culver v. Brinkerhoff, 180 Ill. 548; Eggleston v. Royal Trust Co., 205 Ill. 178. There is nothing in the record tending to show that the action of the trial court in the case at bar was wrongful or oppressive.

Upon the trial of the cause, notwithstanding appellant refused to reply to the defendant's pleas and took no further part in the trial, the court proceeded to hear the case upon the merits in the absence of a joinder of issues and without setting aside the former judgment to render judgment for appellee. This was error. Upon the failure of appellant to reply, the court should have set aside the former judg-

ment and dismissed the suit for want of prosecution. Appellant had the right to abide by his original judgment and exceptions and to have the cause dismissed *non pros.*

For the errors indicated, the judgment will be reversed and the case remanded with directions to the County Court to enter an order setting aside the former judgment and dismissing the suit at appellant's costs.

*Reversed and remanded with directions.*