## Lena M. Alexander, Appellee, v. Charles E. Alexander, Appellant.

1. SERVICE OF PROCESS—*when motion to quash properly denied.* If an inspection of the record discloses no defect in the writ, its service or return, a motion to quash is properly denied. The proper method of attacking a return founded upon extrinsic matter, is by plea to the jurisdiction.

2. DEFAULTS—*when denial of motion to set aside, not error.* In the absence of abuse of discretion the action of the chancellor in refusing to set aside a default will not be disturbed. Such a motion should be supported by an affidavit of merits which affidavit should set up facts showing a good defense.

Separate maintenance. Appeal from the Circuit Court of Montgomery county; the Hon. J. C. McBRIDE, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

HILL & BULLINGTON and LANE & COOPER, for appellant.

AMOS MILLER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill for separate maintenance. A summons

was issued against the defendant, returnable to the November term, 1909, of the Circuit Court of Montgomery county. It appears from the return of the sheriff that he executed said writ on October 12, 1909, by leaving a true copy thereof at the usual place of abode of the defendant, with his mother, a white person of the age of ten years and upwards and a member of the family of the defendant, and at the same time making known to her the contents thereof. A default was taken on November 2, 1909. On November 10th, a hearing had upon the bill and a decree of separate maintenance entered. At the same term, on November 15, 1909, the defendant, limiting his appearance for that purpose, moved to quash the summons and the return of the sheriff thereon, and to set aside all orders and decrees in the case. On April 21, 1910, the court denied said motion, and thereupon the defendant asked leave to withdraw his former motion, which was also denied, whereupon the defendant perfected an appeal to this court.

In support of said former motion, the defendant filed his own and other affidavits, tending to show that the summons was left at the home of his father and mother; that at the time he was not a member of their family, but had departed from the State. The affidavit of his mother was to the effect that when said summons was left with her, she refused to accept the same, and informed the sheriff that said defendant was not a member of her family. The complainant filed her own and other affidavits which tended to show that the defendant, at the time of the service of the summons, resided with his father and mother, and that about the time the summons was left at their residence he was seen in the vicinity.

The motion to quash the writ of summons and return thereon was properly overruled. An inspection of the record discloses no defect in the writ, its service or return. The objection urged was founded upon extrinsic matter and should have been raised by a plea

to the jurisdiction, so that the question of fact as to whether the place in question was the usual place of abode could have been submitted to a jury for determination. The motion to set aside "all orders in the case," which included the default and decree, was addressed to the sound legal discretion of the chancellor, and unless it appears that such discretion has been wrongfully and oppressively exercised, the action of the chancellor cannot be reviewed by this court. Culver v. Brinkerhoff, 180 Ill. 548. To warrant setting aside the default, it was essential that the affidavit of the defendant should show that the defendant had a good defense to the suit. While it states that "he had a meritorious defense to said suit," it does not state any facts from which the chancellor could see that he had any substantial defense. The mere statement that he had a meritorious defense is a conclusion of law to be drawn from facts, and not the statement of fact. The affidavit should have stated the facts constituting his defense, so that the chancellor would have been enabled to draw his own conclusion of law. Culver v. Brinkerhoff, *supra*. It was also discretionary with the chancellor whether to allow the defendant to withdraw the motion to quash. We are of opinion that such discretion was not improperly exercised.

The decree of the Circuit Court is affirmed.

*Affirmed.*