## Charles H. Thompson Company, Plaintiff-Appellant, v. Mary Francis Burns and William Foster Burns, Defendants-Appellees.

### Gen. No. 20,763.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion originally filed April 12, 1916. Rehearing allowed and additional opinion filed May 12, 1916.

### Statement of the Case.

Action by Charles H. Thompson Company, plaintiff, against Mary Francis Burns and William Foster Burns, defendants, to recover balance due on a promissory note. From an order vacating a judgment for plaintiff and an order dismissing the cause for want of prosecution, the plaintiff appeals.

Plaintiff brought this suit against defendants for a balance due on a note, which was attached to the declaration, as follows:

$1589.70.                          Chicago, Dec. 19, 1910.

On or before (seventy days) after date we promise to pay to the order of C. H. Thompson Company Fifteen hundred eighty-nine & 70/100 dollars at the office of C. H. Thompson Company, Chicago. Value received with interest at 5% payable semi-annually.

MARY FRANCIS BURNS,
W. FOSTER BURNS.

"The within note is given in full settlement, payment and satisfaction of any and all claims C. H. Thompson Company or Charles H. Thompson have or may have against Mary Francis Burns or W. Foster Burns."

Defendants pleaded that the promises in the declaration referred to were made to the plaintiff and one Charles H. Thompson, who was then living, and not to the plaintiff alone. The plaintiff served notice on

Charles H. Thompson Co. v. Burns et al., 199 Ill. App. 418.

defendants December 8th to have the cause placed on the trial call. December 16th, the case was called in the absence of the defendants, a jury impaneled, a verdict returned for $283.56, and judgment entered thereon. A motion to vacate the judgment was entered December 18th, 1913, and heard December 22nd, on the affidavit of one of the defendants, and the counter-affidavits of two of plaintiff's counsel. The affidavit on behalf of defendants was to the effect that affiant understood that the court had set down the special plea for hearing and argument for December 18, 1913, that defendants knew nothing of the call of the case for trial until the afternoon of Tuesday, December 16, 1913, after judgment had been entered, and that if their plea was not sustained said defendants have a good and meritorious defense to whole of said plaintiff's demands and that said plaintiff was indebted before and at the commencement of this suit and still is indebted to said defendants in the sum of Five Hundred Dollars, and that if required by said court to interpose a defense other than that now pending in said court, he verily believes a verdict will be given in favor of said defendants.'' It also appeared from an affidavit of the defendant William Burns, as well as the affidavit of plaintiff's counsel, that when the case was set for a hearing, said defendant insisted that his plea in abatement was well founded, but said that if there was any doubt about it, he would want permission to make defense upon the merits, and that ''thereupon the court announced that Burns could present his motion at the time of the trial.''

The counter-affidavits stated that the cause had been set down for trial for Tuesday, December 16th, in the presence of the defendants; that it was not true that the cause was set down for argument on a special plea. Upon the showing made, the court set aside the judgment.

Charles H. Thompson Co. v. Burns et al., 199 Ill. App. 418.

JAMES J. BARBOUR, for appellant.

SCOTT M. HOGAN, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. ABATEMENT AND REVIVAL, § 21*—*when question whether instrument authorizes joint action by plaintiff and another properly raised by plea in abatement.* In an action on a promissory note, the question whether the instrument, set out in the declaration, when properly construed, gives rise to a cause of action in favor of the plaintiff, and another jointly or in favor of the plaintiff alone, is properly raised by plea in abatement averring that the promise was made to the plaintiff and another who is living and not to the plaintiff alone.

2. BILLS AND NOTES, § 366*—*what issue of fact raised by plea in abatement.* In an action on a promissory note set out in the declaration the only issue of fact raised by a plea in abatement averring that the promises referred to in the declaration were made jointly to the plaintiff and another who is living, is whether such other person is living.

3. ACTION, § 22*—*when one person may not maintain action on joint obligation.* On an obligation running to two jointly one alone cannot maintain an action if both be living.

4. BILLS AND NOTES, § 459*—*when construction of instrument for court.* Where an instrument sued on is set out in the pleadings, the question of whether the obligation runs to the plaintiff or to the plaintiff and another is a question of construction and not an issuable question of fact.

5. JUDGMENT, § 132*—*when judgment of trial court setting aside or refusing to set aside judgment by default during term not disturbed.* A judgment of the trial court in setting aside or refusing to set aside, within the term when entered, a judgment entered on defendants' failure to appear at the trial will not be reversed unless it appears that the court has abused its discretion.

6. NEW TRIAL, § 81*—*what must be shown on motion to set aside verdict.* The general rule is that where a motion to set aside a verdict is made, diligence and merit must be shown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles H. Thompson Co. v. Burns et al., 199 Ill. App. 418.

7. JUDGMENT, § 133*—*when due diligence shown on motion to set aside judgment by default.* Due diligence is shown where a motion to set aside a judgment entered on defendants' failure to appear at date set for trial is made within two days after such entry.

8. JUDGMENT, § 132*—*when trial court does not abuse discretion in refusing to set aside judgment by default during term.* No abuse of discretion is shown in the action of a trial court in setting aside a judgment for the plaintiff entered on defendants' failure to appear at the date set for trial, where it appears by defendants' affidavit that they misunderstood the date for which the hearing was set and that they have a meritorious defense to the suit.

9. JUDGMENT, § 150*—*when failure to dispose of plea in abatement ground for setting aside judgment.* The existence of an undisposed of plea in abatement at the time of entry of judgment by default justifies the setting aside of such judgment.

10. PLEADING, § 355*—*when permission to withdraw plea in abatement and plead to merits within discretion of court.* Permitting a defendant to withdraw his plea in abatement and plead to the merits after issues have been made up and the cause reached for trial is a matter within the discretion of the court.

11. JUDGMENT, § 168*—*when disposition of plea in abatement and hearing on merits may be had after setting aside of judgment by default.* Where a judgment by default, entered on a defendant's failure through mistake as to the date set to appear at the trial, is set aside, the plaintiff may ask for disposition of a plea in abatement filed, for an immediate hearing on the merits, and imposition of terms in the order setting aside the judgment.

12. JUDGMENT, § 168*—*when case properly dismissed for refusal to proceed after denial of motion to set aside order vacating judgment.* Where after a judgment for the plaintiff has been set aside and the cause set for trial on the merits, the plaintiff, after denial of a motion to set aside the order vacating the judgment, refuses to proceed, the suit is properly dismissed.

## On Rehearing.

1. PLEADING, § 34*—*when attached instrument not part of declaration.* An instrument attached to but not set out in a declaration is no part thereof.

2. ABATEMENT AND REVIVAL, § 21*—*when question raised by plea of abatement averring lack of necessary parties plaintiff cannot be determined.* Where a promissory note declared on is attached to but not set out in the declaration, the issue raised by a plea in abatement, averring lack of necessary parties plaintiff in that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

note is payable to the plaintiff and another jointly, cannot be determined until the note is formally offered in evidence.

3. ABATEMENT AND REVIVAL—*when within discretion of court to permit withdrawal of plea of abatement and pleading to merits before judgment.* It is within the discretion of the court to permit the withdrawal of a plea in abatement, and plead to the merits at any time before judgment, even after there has been a finding in favor of the plaintiff on the issue raised by the plea.

4. ABATEMENT AND REVIVAL—*when discretion of court permitting withdrawal of plea in abatement and pleading to merits not abused.* It is not an abuse of discretion to permit a defendant to withdraw a plea in abatement and plead to the merits where he had stated in court at the setting aside of a judgment against him that he would make a motion to that effect at the time set for trial if there was any doubt about the validity of the plea.

5. JUDGMENT, § 143*—*when affidavit in support of motion to set aside judgment by default sufficient.* In support of a motion to set aside a judgment entered on a defendant's failure to appear at the trial, an affidavit which states that the defendant has a meritorious defense, and also the nature thereof, is sufficient, though strictly speaking, such statement be a conclusion of law.