## George E. Nichols, Appellant, v. Rogers-Nichols Live Stock Commission Company, Appellee.

1. JUDGMENT, § 135*—*when motion to set aside default is not fatally defective.* Where there was enough in the beginning and signing of a motion to set aside a default to identify it as having been made on behalf of the defendant, the mere fact of an incorrect description given the defendant in the body of the motion ought not to deprive him of a right of hearing thereunder, or, where such motion was filed during the term at which judgment on such default was rendered, to deprive the court of jurisdiction to continue such motion to a subsequent term and then permit such amendments as were necessary to enable the parties to properly and fully submit their claims.

2. JUDGMENT, § 142*—*when failure to file record of former suit or copy with affidavit filed in support of motion to set aside default is immaterial.* Where an affidavit filed in support of a motion to set aside a default of defendant upon which judgment was rendered set up a former suit between the same parties and that it had been dismissed for want of equity, *held* that a failure to file with such affidavit the record of the former suit or a copy thereof was not important in disposing of such motion.

3. APPEAL AND ERROR, § 1380*—*when action of court on motion to set aside default will not be disturbed.* A motion to set aside a default is addressed to the sound legal discretion of the court, with the exercise of which a court of review will not interfere unless it appears to have been wrongful and oppressive.

4. COSTS, § 14*—*what costs plaintiff is liable for on dismissal of case upon setting aside judgment against defendant.* Where there was no order setting aside a judgment against defendant requiring

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

him to pay costs up to the date of setting aside such judgment, an order thereafter dismissing the case at plaintiff's cost could only cover such costs as defendant had not been adjudged to pay.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. Rehearing denied January 13, 1917.

W. E. KNOWLES, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

It appears from the record in this case that at the May term, 1915, of the City Court of East St. Louis, George Nichols, appellant, obtained a judgment by default against Rogers-Nichols Live Stock Commission Company for $367.71.

The declaration consisted of the common counts, to which an affidavit of merits was attached stating that the demand, "Is for balance due him on account from the defendant and that there is due to the plaintiff from the defendant, after allowing all just credits, deductions and set-offs, the sum of $338.57, together with interest at the rate of five per cent. per annum from the 1st day of August, 1913, to April 21, 1915, making a total amount due the plaintiff from the defendant on last mentioned date the sum of $367.71." On the 19th day of May, 1915, and during the May term of said court, the defendant describing itself as Nichols-Rogers Live Stock Commission Company filed a motion, with affidavits accompanying the same, asking the court to set aside the judgment theretofore rendered at said term. While the record was in this condition and on July 20, 1915, the May term of said court was adjourned and this cause, with other undisposed of matters, was continued under a general order of con-

160  APPELLATE COURTS OF ILLINOIS.

Nichols v. Rogers-Nichols Live Stock Com. Co., 203 Ill. App. 158.

tinuance. At the September term of said court the appellant filed a motion to strike from the files the motion and affidavits purporting to be filed in said cause for the reason that they were not filed by any person, firm or corporation who was a party to the suit. On October 4th, and during the September term of said court, the defendant asked leave to amend the motion filed at the May term, by substituting for the name Nichols-Rogers Live Stock Commission Company the name of the real defendant, Rogers-Nichols Live Stock Commission Company. The appellant filed a motion to strike the motion of appellee from the files on the ground that it was not filed, at the term judgment was rendered. Upon a hearing the court denied the motions of appellant and granted the motion of appellee and gave appellee leave to plead by the 11th day of October on payment of costs to date. On October 15, 1915, the cause was regularly placed on trial and the appellant, choosing to stand by the record as made, refused to proceed further and the cause was dismissed by the court for want of prosecution at the cost of the plaintiff, and execution was issued therefor.

The principal contention of appellant is that no motion for a new trial was made at the May term of the City Court, at which judgment was rendered, by any person, firm or corporation who was a party to the suit, and that no motion having been made at the May term, the court was without jurisdiction at the September term to proceed further with the hearing of the cause. It appears from the record herein that the motion entered to set aside the judgment begins as follows: "And now comes the defendant, Nichols-Rogers Live Stock Commission Company by Keefe & Sullivan, its attorneys, and moves the court to set aside the judgment herein and for cause therefor assigns the following, together with the facts set up in

said affidavits herewith filed;'' which are made a part of the motion. The motion is signed as follows: "Keefe & Sullivan, attorneys for defendant." It will be observed that the motion was made by the defendant but misdescribed the person of the defendant which is styled, "Nichols-Rogers Live Stock Commission Company" instead of "Rogers-Nichols Live Stock Commission Company," as set forth in the declaration and judgment. It will also be observed that at the conclusion of the motion it is signed by Keefe & Sullivan, attorneys for defendant. There was certainly enough in the beginning of the motion, and in the signing of the motion, to identify the motion as having been made upon behalf of the defendant, and the mere fact of an incorrect description given to the defendant in the body of the motion ought not, in our judgment, to deprive the defendant of a right of hearing thereunder. Supposing that the description, "Nichols-Rogers Live Stock Commission Company" had been omitted entirely, then the motion would have been certain and definite as to the person in whose behalf the motion was entered, so that as we view it these words could well have been treated by the court as mere surplusage. It appears to us that the motion was really made by the defendant and that the court had a right to treat it as having been so made, and that the court acquired jurisdiction at the May term to hold on to the case and continue it and dispose of it at the September term, as it did, and as the court properly held on to its jurisdiction of the cause it then had a right to permit any amendments that were necessary to permit the parties to properly and fully submit their claims. The objection urged is technical and without merit and we believe that the lower court did not err in disposing of the motion at the September term.

It is also insisted by counsel for appellant that the motion to set aside the judgment is without merit and

that it was an abuse of discretion of the court in setting aside a default on the grounds stated in the affidavits: First, because there was no diligence shown; second, because the affidavits do not show any merit but only state the conclusion that appellee did not owe appellant any money and that there was no record showing a former suit between the same parties upon this cause as having been dismissed for want of equity.

It appears from the evidence that the appellee had Mr. Keefe in its employ to represent it in any legal business, and that when summons was served he called over the telephone to Mr. Keefe's office, which was answered by Keefe's stenographer, and that appellant advised them of the service of the summons, but it was supposed by the stenographer that it was a paper in the old case that had been pending in chancery and disposed of, and nothing was said about it to Mr. Keefe, and the same was overlooked by the stenographer. It is also said that the affidavits attached to the motion did not show any merit in appellee's defense. The affidavit did state that appellee was not indebted to appellant and did not owe him anything, and the language of the affidavit of appellee was fully as broad as that filed by appellant with its declaration, as it only charged that a balance was due. The affidavit also showed that a former suit had been tried between these parties in chancery and the bill dismissed for want of equity, and while it does appear that the record of the former suit, or a copy thereof, was not attached to the affidavit, we would not deem that of importance in disposing of this motion. It doubtless would be important upon the trial of the case to show such proceeding by a certified copy of the record, but not so upon a mere motion.

It is well settled that a motion to set aside a default is addressed to the sound legal discretion of the trial court. It has the opportunity to view the surrounding conditions and determine properly more nearly what

was necessary to be done to further the interests of justice in the particular case than the Appellate Court could. In the case of *Hartman v. Viera*, 113 Ill. App. 218, the court says: "It is well settled in this State that a motion to set aside a default is addressed to the sound, legal discretion of the court, and that unless it appears that such discretion has been wrongfully and oppressively exercised, a court of review will not interfere. *Culver v. Brinkerhoff*, 180 Ill. 548; *Eggleston v. Royal Trust Co.*, 205 Ill. 178." We are not able to see how the appellant was in any manner wronged or how the discretion exercised by the court was in any way oppressive to the appellee, and none has been pointed out to us by counsel in his argument. The appellant was not deprived of any right for if he had a just claim against the appellee the court gave him an opportunity to present it and he refused so to do.

It is also claimed that it was error to render judgment against the plaintiff for costs, as that the order made would include the costs that had heretofore been adjudged against the defendant. There was no order setting aside the judgment of the court requiring the defendant to pay the costs up to the date of the setting aside of the judgment, and the order rendered dismissing the suit at plaintiff's cost could only cover such costs as the defendant had not been adjudged to pay.

We are of the opinion that the court in this proceeding herein did not commit any reversible error and the judgment of the lower court is affirmed.

*Judgment affirmed.*