## Samuel L. Cooper, Plaintiff in Error, v. Jacob Handelsman and Edgar C. Smith, Defendants in Error.

### Gen. No. 32,005.

1. JUDGMENTS AND DECREES—*when motion to vacate is not a proceeding as writ of error coram nobis.* A motion to vacate a judgment that is made at the term in which the judgment is rendered, but is continued to a subsequent term for a hearing, is not a proceeding under Cahill's St. ch. 110, ¶ 89, in the nature of a writ of error *coram nobis.*

2. DEFAULTS—*discretion in vacating judgment.* Under Cahill's St. ch. 110, ¶ 58, the discretion of the court in vacating a judgment on a default must be exercised in moderation and for the attainment of justice.

3. DEFAULTS—*vacation of judgment obtained on failure to appear at the trial.* It is a proper exercise of discretion to vacate a judgment obtained on the failure of a party to appear at the trial in that the attorney was absent through an excusable misunderstanding of the situation.

4. APPEAL AND ERROR—*waiver of right to complain of order vacating judgment.* A plaintiff waives the right to complain on appeal from an order vacating a judgment by accepting in open court attorney's fees paid by defendant as a condition of the vacation of the judgment.

Error by plaintiff to the Circuit Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Affirmed. Opinion filed February 9, 1928.

LITSINGER, HEALY & REID, for plaintiff in error.

CHURCH, HAFT, ROBERTSON & CROWE, for Edgar C. Smith, defendant in error; EGBERT ROBERTSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action in assumpsit. The plaintiff filed his declaration to which defendants interposed a general demurrer. The demurrer was overruled. On leave given, defendants filed a plea of the general issue. The cause in due course was called for trial

on December 17, 1924, and on defendants' failure to appear a trial was had before court and jury, which resulted in a verdict and judgment for $12,400. On December 20, 1924, defendants made a motion to vacate and set aside the verdict and judgment of December 17, 1924, filing certain affidavits in support of the motion and serving copies thereof upon the attorneys for plaintiff.

On January 3, 1925, and within the December term of the court, an order was entered continuing the hearing of the motion of defendants to set aside the verdict and judgment to Wednesday, January 7, 1925, which day was within the January term of the court, and on January 10, 1925, the following order was entered:

"On motion of defendants' attorney it is ordered that the verdict heretofore rendered herein by the jury aforesaid be and is hereby set aside and vacated and the judgment heretofore entered herein of record on December 17th, A. D. 1924, be and is also hereby set aside and vacated upon the payment by the defendant Jacob Handelsman to the plaintiff the sum of One Hundred and Fifty Dollars attorney's fees, which fees are paid in open court and said cause be and is hereby reinstated on the trial call, to which the plaintiff excepts and leave is given the plaintiff to file his Bill of Exceptions within thirty days from this date."

On June 4, 1925, the cause was ordered placed at the foot of the calendar and on September 4, 1926, the cause being called for trial and plaintiff failing to prosecute his suit, it was ordered that the cause be' dismissed for want of prosecution at plaintiff's costs and judgment on that order of *nil capiat* for costs was entered.

Plaintiff prosecutes this appeal in an effort to have this court reverse the order of the superior court entered January 10, 1925, allowing defendants' motion and vacating the verdict and judgment entered thereon on January 10, 1925.

Plaintiff contends that this is a proceeding under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, in the nature of a writ of error *coram nobis,* but in this he is mistaken. Such proceeding has reference only to judgments sought to be set aside at a term subsequent to the term at which the judgment was rendered. This is not that case. The motion was made within the December term of the court by an appropriate order; the hearing of it was continued until the January term, and in that term the order above set out was entered.

Numerous affidavits, the contents of which it is not necessary here to recite, in our opinion stated a case calling for the sound discretion of the court. A meritorious defense was stated in the affidavits supporting the motion and some diligence on the part of defendants' counsel was shown thereby. Before we can disturb the judgment of the superior court in this appeal, viz., vacating the verdict and judgment theretofore entered, we must hold that the trial judge in so doing abused the judicial discretion vested in him by law. We are unable so to hold from the evidence in the record supporting the motion to vacate.

Section 58 of chapter 110, R. S., known as the Practice Act, Cahill's St. ch. 110, ¶ 58, leaves to the discretion of the trial judge the question of opening defaults and vacating and modifying judgments within the term at which a judgment may be rendered. That discretion, however, must be exercised in moderation and for the attainment of justice. The cause was at issue, the plaintiff was in court by counsel, his pleadings were in the record, and the cause was at issue when the judgment was entered, but defendants counsel were absent through a misunderstanding on their part of the situation; and that while they were chargeable with notice of the coming on of the cause for trial, they did not actually have such notice. In the circum-

stances of the case, as developed by the affidavits heard upon the motion, they might be excused.

Our Supreme Court in the cases of *Rich v. Hathaway,* 18 Ill. App. 548, 549; *Union Hide & Leather Co. v. Woodley,* 75 Ill. 435, 436, and *Hitchcock v. Herzer,* 90 Ill. 543, used such expressions as ''gross and flagrant abuse,'' ''gross abuse'' and ''palpable abuse'' of judicial discretion. It is a *sine qua non* to the attainment of justice that both sides of a cause should be heard, and where for any good reason a defendant has been unable to present his defense, a court of law in the exercise of sound judicial discretion will set aside the judgment obtained *ex parte,* and order a new trial. In the olden times such *ex parte* judgments were sometimes designated as ''snap judgments,'' and were viewed with disapproval by both bench and bar. In *Hitchcock v. Herzer, supra,* the court said:

''It is the settled and long established rule in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and that unless there has been a palpable abuse of such discretion the appellate courts will not interfere. It is only where it is evident the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that such action will be reversed on review.''

In *Hartman v. Viera,* 113 Ill. App. 216, this court said:

''Appellant insists that the record fails to show either that appellee had a meritorious cause of action, or that she exercised proper diligence in preparing the same, and that the court abused its discretion in setting aside the default and opening up the judgment. It is well settled in this state that a motion to set aside a default is addressed to the sound, legal discretion of the court and that unless it appears that such discretion has been wrongfully and oppressively exercised, a court of review will not interfere. *Culver v.*

*Brinkerhoff*, 180 Ill. 548; *Eggleston v. Royal Trust Co.*, 205 Ill. 178.   There is nothing in the record tending to show that the action of the trial court in the case at bar was wrongful or oppressive.''

Like holdings are found in *Charles H. Thompson Co. v. Burns*, 199 Ill. App. 418, 420, and *Nichols v. Roger-Nichols Live Stock Commission Co.*, 203 Ill. App. 158, and in the last-mentioned case the court said:

''We are not able to see how the appellant was in any manner wronged or how the discretion exercised by the court was in any way oppressive to the appellee, and none has been pointed out to us by counsel in his argument.   The appellant was not deprived of any right for if he had a just claim against the appellee the court gave him an opportunity to present it and he refused so to do.''

Furthermore, the judgment was vacated on condition that there be $150 attorney's fees allowed for the use of the plaintiff.   This money was paid and accepted in open court, as stated in the order and while there is no direct authority in this State for holding that by receiving such attorney's fees plaintiff was estopped to complain of the order vacating the judgment, yet the case of *San Bernadino County v. Riverside County*, 135 Cal. 618, 67 Pac. 1047, in which the effect of a receipt of a fee in a case akin to that in the record before us, was held to be a bar to the right to appeal from such order.   What the court there said is appealing to us as stating a sound and applicable doctrine, in which it said:

''A party cannot accept the benefit or advantage given him by an order, and then seek to have it reviewed.   After receiving the money which the court has directed to be paid to him, he will not be heard to say that the court erred in making such order; and if, by the order, a right or favor is given to the other party as the consideration for making such payment,

the party receiving the money will be held to have assented to a granting of the favor or right. Accordingly it is held that, where an order is made upon the condition of payment of costs, an acceptance of such costs is a waiver of the right to appeal from the order."

Finding no reversible error in the record the judgment of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.