# SIOUX CITY SEED CO. v. J. H. MONTGOMERY
## (No. 1596; October 14, 1930; 291 Pac. 918)

The motion was submitted for defendant in error on the brief of *Thomas M. McKinney,* of Basin, Wyoming, and *Lee & Lee,* of Cheyenne, Wyoming.

The cause was submitted for the plaintiff in error on the brief of *C. A. Zaring*, of Basin, Wyoming.

BLUME, Chief Justice.

J. H. Montgomery, plaintiff below and hereinafter referred to as such, on August 6, 1928, commenced an action against the Sioux City Seed Company, a corporation, de-

fendant below and referred to here as such, and had summons served upon the wife of a former statutory agent of the defendant. Judgment was rendered against the defendant by default November 17, 1928. During the same term of court, on December 13, 1928, the defendant filed in the cause what is denominated a motion to vacate the judgment, alleging that it was void because no proper service of process was ever had upon it. It was further alleged that defendant had a valid defense to said action, and the prayer was that the judgment "be vacated, set aside and held for naught and for such other and proper relief as may be necessary in the premises." A hearing was had upon this motion and it was taken under advisement. On May 29, 1929, the court made and entered an order vacating the judgment above mentioned on the ground that the court was without jurisdiction at the time of entering it, but further held that the defendant made a general appearance in the cause by its motion and prayer for relief, and required the defendant to answer the petition on or before June 22, 1929. Against this order requiring it to answer, the defendant has brought proceedings in error.

The plaintiff has filed herein a motion to strike the bill of exceptions and to dismiss the proceedings in error. The defendant has conceded that the bill should be stricken, because not presented in time, and that has accordingly been done. The consideration of the motion to dismiss, however, has been postponed until this time. The order vacating the judgment does not state the grounds upon which the court held that defendant had made a general appearance, and in order to determine whether that is so or not, we must necessarily have before us for examination the so-called motion to vacate the judgment. That motion has been certified among the original papers in the case, but unless it is part of the record proper, without a bill of exceptions, we are not in position to consider it.

It becomes necessary, accordingly, to determine whether or not such a motion should be embodied in a bill of exceptions in order that it may be considered by this court on a proceeding in error. It is not one of the papers mentioned in Section 5903, Wyo. C. S. 1920, which defines what constitutes the record in a case, and nearly all the courts hold that a motion to vacate or set aside a judgment is not a part of the record proper and that on appeal such motion must be preserved by a bill of exceptions. 4 C. J. 167; Davis v. Landes, 23 Okl. 338, 100 Pac. 514; Devault v. Exchange Co., 22 Okl. 624, 98 Pac. 342; Ptack v. Strong, 121 Ore. 688, 257 Pac. 19. The defendant, though its thought was different when getting up its bill of exceptions, now seeks to evade the rule above stated by claiming that the so-called motion filed in the case should be considered a petition, evidently contending that it initiated a separate proceeding, and is thus a part of the record proper without a bill of exceptions. The Supreme Court of Missouri, indeed, considers a motion to vacate as an independent proceeding, holding it unnecessary for a motion to vacate a judgment to be embodied in a bill of exceptions. Scott v. Rees, 300 Mo. 123, 253 S. W. 998; Audsley v. Hale, 303 Mo. 451, 261 S. W. 117. In these cases the motion was made after the term, and it may be that the common law writ of *audita querela*, which was an independent, and in the nature of an equitable, proceeding, could, after the term, have been used to vacate a judgment rendered in a case void for want of proper service of process upon the defendant. See Blackstone, Comm., 405, 6 C. J. 854; Sawyer v. Cross & Son, 65 Vt. 158, 26 A. 528; Finney v. Hill, 13 Vt. 255. But we have not found any case in which a motion filed during the term at which the judgment was rendered has been considered in the nature of a proceeding of that character. Now, a court has full control over its orders or judgments

during the term at which they are made, and may, in the exercise of its discretion, amend, correct, open or vacate them. McGinnis v. Beatty, 28 Wyo. 328, 204 Pac. 340; 34 C. J. 207. This power is derived from the common law, and exists independently of any statute. The judgment may, during that time, be set aside on the court's own motion or upon the motion of an interested party. The form of the motion is not of importance. Thus it has been held that it may be oral. Hartman v. Viera, 113 Ill. App. 216. Hence it would seem that such motion can hardly be considered in the nature of an equitable or independent proceeding. It comes, accordingly, within the rule heretofore uniformly adhered to by this court, that a motion in a case must be embodied in a bill of exceptions in order that it may be considered by this court. No reviewable question, therefore, is in the case without a bill of exceptions, and the plaintiff's motion to dismiss the appeal must be sustained. Ptack v. Strong, supra. This is done, of course, without depriving the defendant of the right in future proceedings in this case to insist upon its objections to the jurisdiction of the lower court, or to contend that it made no general appearance in the case, in accordance with the rule laid down in such cases as Vann v. Railway Co., 103 Kans. 857, 176 Pac. 652; Shearer v. Life Ins. Co., 106 Kans. 574, 189 Pac. 648; Grady v. Rice, 98 Okl. 166, 224 Pac. 321; Bell v. R. Co., 2 Ga. App. 812, 59 S. E. 102; Matson v. Mines Co., 103 Wash. 499, 175 Pac. 181.

*Motion to dismiss sustained.*

KIMBALL and RINER, JJ., concur.