ANTHONY J. HAYWARD *vs.* JOHN H. KNAPP & others.

## May 18, 1875.

New trial granted on account of improper communications made to a jury while upon a view of the *locus in quo.*

Appeal by defendants from an order of the district court for Winona county, *Crosby*, J., presiding, (sitting for the judge of the third district,) refusing a new trial.

*Thomas Wilson*, for appellants.

*William H. Yale*, for respondent.

BERRY, J. The plaintiff was owner of a "brail" of sawlogs, which was moored to the west bank of the Mississippi river, a few miles above Winona. Defendants, who were engaged in running a raft of lumber down the river with a steamboat, ran into and against the brail, letting plaintiff's logs loose, so that they floated off and were scattered along the river and its shores and sloughs. For the damage thereby occasioned to him plaintiff brings this action.

Upon the trial it was ordered by the court that the jury take a view of the place where the collision occurred, that they be conducted thither in a body, in the custody of the sheriff, and that the place be shown to them by Silas Braley and W. W. Slocumb.

The principal issue in the case had relation to defendants' alleged negligence. Upon this issue, and with special reference to the general practicability of avoiding the collision, one important subject of enquiry related to the width and

depth of the channel of the river at the place where the brail was moored. Upon the same issue, and with reference to the enquiry whether defendants exercised due care in endeavoring to avoid the collision after the plaintiff's brail was discovered, it was important to show how far above the place of the collision the steamboat was when its whistle was sounded as a signal for the men to go to their oars for the purpose of keeping defendants' raft away from plaintiff's brail.

It appears from Slocumb's affidavit that the jury were conducted to the place of the collision, which was pointed out to the jury by affiant and Braley; that Braley then and there stated to the jury that plaintiff's brail, at the time of the collision, extended out into the river about forty feet; that, in the presence of the jury, he measured out into the river, on the ice, 500 feet beyond the point to which (as he said) the brail extended, and he then and there stated to the jury that the channel of the river at that point, at the time of the collision, extended out for such distance of 540 feet. It further appears from the same affidavit that Braley then and there stated, in the presence of the jury, that defendants' raft was at or about a point, which he then and there pointed out to the jury, when the boat whistle sounded as a signal for the men to go to the oars. The affidavit of the sheriff substantially corroborates Slocumb's affidavit as to the foregoing matters, adding that Braley made the statement as to the width of the channel more than once, and that he told the jury what the depth of the channel was at different distances from the west bank; that some of the jury then and there, and after Braley had made the statements mentioned, remarked that there was plenty of room for defendants' raft to have passed, and that there was no necessity for running into plaintiff's brail.

Braley makes a counter affidavit, but its attempted denials are so evasive and unsatisfactory that it is entitled to very little consideration for any purpose, and is not to be

regarded as impairing, in any substantial respect, the effect. of the affidavits of Slocumb and the sheriff. In fact, Braley's admission in his affidavit that he made statements to the jury, and in their presence, "in answer to questions," tends very strongly to corroborate the affidavits of Slocumb and the sheriff. In addition, it is worthy of notice that there is no juror's affidavit in the case to contradict the sheriff or Slocumb, in support of the verdict. Upon these three affidavits (the other affidavits not being important upon this point) the foregoing statements of Slocumb and the sheriff as to Braley's conduct must be taken to be true; and as the statement made by Braley related to material matters in controversy between the parties, the facts make out a clear case of misconduct on the part of the jury. The form of oath prescribed by statute (Gen. St. ch. 72, § 5,) requires the juror to " say nothing to any person " concerning the action, and not to " suffer any one to speak " to him about the same, but in court; and, independent of the oath, the impropriety of the course taken in this case is manifest when it is considered that the court is the place in which causes are to be tried, and that to suffer them to be tried elsewhere would destroy confidence in the trial by jury, and bring the administration of justice into contempt. *Bennett* v. *Howard*, 3 Day, 219; *McIlvaine* v. *Wilkins*, 12 N. H. 474; *Blaine's Lessees* v. *Chambers*, 1 S. & R. 169; 2 G. & W. on New Trials, 571, *et seq.* It may be that the plaintiff is (as he claims) perfectly innocent in the matter; but unless it is entirely clear that no injustice has resulted from the misconduct, (and it certainly is not,) this circumstance is not important.

Order reversed.