R. P. RUSSELL vs. LEANDER V. N. BLAKEMAN, impleaded, etc.

May 13, 1889.

Foreclosure—Order Vacating Judgment by Default.—Upon a proper application, seasonably made, under Gen. St. 1878, c. 66, § 125, (amended, see Laws 1887, c. 61,) the district court may set aside or modify its judgments in foreclosure actions, and the proceedings in execution thereof, in favor of any party whose rights have been injuriously affected.

Same—Appeal.—Upon appeal from the orders of the trial court upon such applications, the appellate court will only inquire whether there has been an abuse of discretion.

Plaintiff brought this action in the district court for Hennepin county, to enforce a lien for lumber furnished to defendant Gunn for use and used in erecting a house in Minneapolis, under contract with one Tice, the owner. Blakeman and three others were made defendants as having or claiming "some estate, interest, or lien in or on the premises aforesaid," which lien, if any exist, the complaint alleges to be subordinate to that of plaintiff. The complaint prays that the interests and liens, if any, of such defendants be adjudged subordi-

nate to that of plaintiff, that their right of redemption be barred, and for a sale of the property, etc.

The complaint was filed March 2, 1887. On March 22d the sheriff made return of the summons that he could not find defendant Blakeman in his county, and on March 24th an affidavit for publication of summons was filed, stating, among other things, that deponent has made diligent inquiry for defendant Blakeman and his place of abode, but cannot find where he resides or his post-office address. The summons was thereupon published for six weeks, beginning March 26th, and on May 31st, the plaintiff, on affidavit of no answer, etc., applied for judgment. On June 3, 1887, the court made and filed its decision, finding, among other things, that on June 17, 1886, the defendant Ella Tice was and still is owner in fee of the lot; that on June 17, 1886, she contracted with defendant Gunn that he should build a house for her thereon, and that on July 17, 1886, plaintiff, under a contract with Gunn, sold him lumber for use in building the house of the value of $330.63, which was delivered on the premises from time to time between July 17 and August 25, 1886, and was actually used in the building. No finding was made as to the existence or nature of the interest or lien of any defendant, (except Ella Tice,) but in the conclusions of law the court, after finding plaintiff entitled to judgment establishing his lien on the estate held by Ella Tice on July 17, 1886, or afterwards acquired by her, and for a sale of the premises, etc., finds "that whatever interest or estate said defendants or either of them may have in said premises is junior and subordinate to plaintiff's said mechanic's lien, and the said defendants and each of them are forever barred and foreclosed of their equity of redemption in and to the premises aforesaid." On June 4th judgment was entered in accordance with the decision, and, after due notice, a sale of the premises was made to plaintiff at the price of $417.67, on September 24th, and was confirmed on September 30, 1887. On October 4, 1888, a final decree was entered, reciting (among other things) that there had been no redemption from the sale, nor any notice of intention to redeem filed, and adjudging the title to the premises to be in plaintiff, free of any equity of redemption of any of the defendants.

On November 24, 1888, the defendant Blakeman, on affidavits and a proposed answer, moved that the judgment be vacated and for leave to answer. The affidavits stated that not until October 29, 1888, did he have any knowledge or notice of the action, or of any proceeding in it, or of any claim of plaintiff against the premises, and stated other matters which are recited in the opinion. The answer alleged a purchase-money mortgage of the premises to secure $4,000, made to Blakeman by defendant Ella Tice and husband, and alleged to be prior to plaintiff's lien. The motion was granted by *Rea, J.,* and plaintiff appealed.

*Gilger & Harrison,* for appellant.

*Shaw & Gray,* for respondent.

VANDERBURGH, J. This is an appeal from an order vacating and setting aside a judgment and subsequent proceedings thereon, and granting the defendant Blakeman leave to serve an answer in the case. No specific rule can be laid down for the exercise of the discretion of the trial courts in such cases, and the appellate court, in reviewing their decisions upon such applications, will only look into the proceedings so far as to see whether there has been any abuse of discretion. Upon the whole record in this case considered together, we are unable to say that the application was not meritorious, or that the order granting it was not within the reasonable discretion of the court. On the contrary, it would apparently have been a great hardship as well as injustice to the defendant Blakeman if the application had been denied. His mortgage upon the real estate in controversy, which he alleges was given for the purchase-money thereof, is entirely cut off by the proceedings in this action, of which he had no knowledge whatever. It amounts to $4,000, while plaintiff's claim was adjudged to be $381, and the mortgaged premises are worth $8,000. The summons was served by publication, the affidavit for which alleges ignorance of the defendant's residence. No copy of the summons was mailed to or received by him, and by his affidavit it appears that he is a resident of the state of Massachusetts; that he had no information whatever of any of the proceedings until about the time of this application, which was made promptly, and evidently in good faith. It also appears that he had no knowledge whatever concern-

v.40M.—30

ing the plaintiff's claim, or the existence thereof. His affidavit, which states all the facts within his knowledge about the case, is supplemented by that of his attorneys in respect to the records here, including an affidavit of merits by them, and by the proposed answer, under which he is entitled to contest the validity and amount of the plaintiff's claim, and the question of its priority over his mortgage. No opposing affidavits were introduced, and the good faith of the application can hardly be questioned. Besides, the plaintiff was the purchaser at the sale, and his legal rights can be fully protected in the further proceedings. We think, in view of the case as made, the court was not obliged to insist upon the strict rule requiring a separate affidavit of merits by the defendant in addition to the other evidence. The leading and material facts upon which the relief sought might properly be granted are patent and undisputed. The defendant's debt was secured by mortgage upon real estate amply sufficient to secure both his and plaintiff's claim. His case was also brought clearly within the equitable rule authorizing the court to relieve him from the proceedings against him, whether it be the judgment, or the proceedings had thereon, or both, with liberty to answer and resist or contest the plaintiff's claim. The statute (Gen. St. 1878, *c.* 66, § 125, amended, see Laws 1887, *c.* 61) is applicable to this class of judgments as well as others, and simply regulates the exercise of the equity powers of the court over its own judgments and proceedings in execution thereof. And upon a proper application, seasonably made, the district court may exercise such powers in favor of a party whose rights have been injuriously affected, and in its discretion grant appropriate relief by setting aside or modifying its judgments, orders, or proceedings, as justice may require. *Brown* v. *Frost,* 10 Paige, 243; Thomas, Mortg. § 966; *Gould* v. *Mortimer,* 26 How. Pr. 167; *Matter of Fuller* v. *Brown,* 35 Hun, 162; Freem. Judgm. § 500*a.*

Order affirmed.