[Civil No. 990.   Filed June 18, 1907.]

[90 Pac. 601.]

MARIA O. OTERO, Plaintiff and Appellant, v. JOSEPH J. OTERO et al., Defendants and Appellees.

1. APPEAL AND ERROR—RECORD—SUFFICIENCY — REVIEW — EVIDENCE.—Where assignments of error are directed at a ruling of the court, excluding from evidence an order of the probate court offered in evidence by the plaintiff, and such instrument so rejected is not brought before the appellate court by the record, the ruling of the court may nevertheless be reviewed where the trial court by its findings of fact set forth its action with reference to this offer of evidence in sufficient detail.

2. ADMINISTRATORS—PROBATE COURT—JURISDICTION—DISCHARGE OF ADMINISTRATOR — UNADMINISTERED ESTATE — SECOND ADMINISTRATION—REV. STATS. ARIZ. 1901, PARS. 1597–1663, CONSTRUED.—Paragraph 1597, *supra*, provides that final settlement of an estate shall not prevent a subsequent issue of letters of administration when other property of this estate is discovered. Paragraph 1662, *supra*, provides that petitions for administration must be in writing, signed by the petitioner, stating the facts that are essential to give the court jurisdiction, to wit, the death of the decedent, his residence and existence of property of the estate within the jurisdiction of the court. A petition in compliance with paragraph 1663 was filed where the administrator of the estate of plaintiff's husband had been discharged by order of the court at the final term, plaintiff and others petitioning the court to set aside the order discharging the administrator and to require him to proceed with the administration and distribution of the property not before administered upon. Such petition was granted by the court. *Held,* that the order of the court discharging the administrator was a final order, and the court had lost jurisdiction of the case at a subsequent term. But the petition to administer upon the unadministered estate gave the court jurisdiction to order an administration and distribution so that the administrator was acting in fact under his second ap-

pointment, and in an action to quiet title, the court of trial mentioned in the petition the orders of distribution and sale of this property, based upon said petition, were admissible in evidence.

3. ADMINISTRATORS—SALES—COLLATERAL ATTACK.—Proceedings are not void by reason of the failure of a court to bring interested parties before it by proper process, where the interested parties were actually in court voluntarily appearing, and joining in the request for administration and subsequently consenting to a sale through which appellant offered to show title, and appellee, having taken part in the proceeding as aforesaid, cannot collaterally attack them.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge. Reversed and remanded.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

The probate court of Maricopa county had the power and right to set aside its orders and judgments, when it discovered that they were entered under a mistake of facts connected with the subject matter, and also when the entry of the judgment or order was procured by fraud; and the probate court has full control and power over its own orders and judgments so long as it has jurisdiction of the subject matter, and could set aside, change or modify its order and judgment whenever entered or procured by mistake or fraud, irrespective of the lapse of the term, during which the order or judgment was entered. *Milne's Appeal,* 99 Pa. 483, 489; *Wiggins* v. *Superior Court,* 68 Cal. 398, 9 Pac. 646; *Estate of Leavens,* 65 Wis. 440, 447, 27 N. W. 324; *Campbell* v. *Thatcher,* 54 Barb. (N. Y.) 382-386; *Pew* v. *Hastings,* 1 Barb. Ch. 452; *Sipperly* v. *Baucus,* 24 N. Y. 46; *Vreedenburg* v. *Calf,* 9 Paige (N. Y.), 128; *Waters* v. *Stickney,* 12 Allen (Mass.), 1, 90 Am. Dec. 122; *In re Fisher,* 15 Wis. 511-521. In fact, the court has no right or authority to make the order discharging the administrator under paragraph 1923, Revised Statutes of 1901. Irrespective of whether or not the probate court set aside its order discharging, the probate court had the jurisdiction and power to administer upon all of the unadministered property, including the property set forth in the complaint herein, by virtue of the petition filed therein, and having such jurisdiction, no matter how irregular its proceedings were in the matter of appointment

of the administrator, and notwithstanding the fact that said administrator was not designated an administrator *de bonis non,* and notwithstanding the fact that no new bond was ordered to be given by such new administrator, all of the proceedings of said probate court after the administrator began his later administration of said estate are, in this collateral attack, entitled to recognition, and cannot be questioned. *Dunphy* v. *Belden,* 57 Cal. 427; *Wolff* v. *Matthews,* 39 Mo. App. 376; *Larson* v. *Union Pac. Ry. Co.,* 70 Neb. 261, 97 N. W. 313; *Hodge* v. *Fabian,* 31 S. C. 212, 17 Am. St. Rep. 25, 9 S. E. 820; *Goodwin* v. *Sims,* 86 Ala. 102, 11 Am. St. Rep. 21, 5 South. 587; Freeman on Void Judicial Sales, sec. 20, and notes; Van Fleet on Collateral Attack, secs. 59, 60 et seq., where the entire subject is fully discussed and numerous cases cited in support thereof; *Haynes* v. *Meeker,* 10 Cal. 110, 70 Am. Dec. 703; *Bostwick* v. *Skinner,* 80 Ill. 147, 151; *Hunt* v. *Hunt,* 72 N. Y. 217, 28 Am. Rep. 129; *Lange* v. *Benedict,* 73 N. Y. 12, 29 Am. Rep. 80; *Jordan* v. *Van Epps,* 85 N. Y. 436; *Wight* v. *Wallbaum,* 39 Ill. 554, 563; *Chase* v. *Christianson,* 41 Cal. 253, 255; *Salomon* v. *People,* 191 Ill. 290, 61 N. E. 83; *Veach* v. *Rice,* 131 U. S. 293, 9 Sup. Ct. 730, 33 L. Ed. 163; *Taylor* v. *Hosick,* 13 Kan. 518; *Schnell* v. *City of Chicago,* 38 Ill. 382, 391, 87 Am. Dec. 304; *O'Connor* v. *Huggins,* 113 N. Y. 511, 516, 21 N. E. 184; *Lethbridge* v. *Lauder,* 13 Wyo. 9, 76 Pac. 682, 685; *Denver R. R.* v. *Woodward,* 4 Colo. 1, 6.

The fact that the court did not designate the person it named as the representative of the estate as an administrator *de bonis non* cannot be said to deprive the court of the jurisdiction of the subject matter, but constitutes, if anything at all, a mere error or irregularity which must be cured by appeal, if the parties in interest object to it and desire such correction made, and this act of the court cannot now be impeached. Such an appointment makes him an administrator *de bonis non,* whether so designated or not. *Veach* v. *Rice,* 131 U. S. 293, 9 Sup. Ct. 730, 33 L. Ed. 163, and cases there cited. Every administrator after the first is an administrator *de bonis non* in fact, and it is not important that it should appear so of record. *Veach* v. *Rice, supra; Steen* v. *Bennett,* 24 Vt. 303; *Grande* v. *Herrera,* 15 Tex. 534; *Moseley* v. *Mastin,* 37 Ala. 219. The appointment of the administrator at the request of, and by the consent of, the parties in interest without a formal publication of citation with

reference to the petition and application for further administration does not go to the jurisdiction, but is merely an irregularity, and does not render the judgments and orders of the probate court relative to the sale or distribution of the property void. *Broughton* v. *Bradley*, 34 Ala. 694, 73 Am. Dec. 474; *Barclay* v. *Kimsey*, 72 Ga. 725; *Glendenning* v. *McNutt*, 1 Idaho, 592; *Ferguson* v. *State*, 90 Ind. 38; *Boody* v. *Emerson*, 17 N. H. 577; *James* v. *Adams*, 22 How. Pr. 409; *Brown* v. *Landon*, 30 Hun, 57; *Ramp* v. *McDaniel*, 12 Or. 108, 6 Pac. 456; *Chilton* v. *Union Pac. R. R.*, 8 Utah, 47, 29 Pac. 963. The appellees cannot now raise any question as to the method of administration of said property, having consented thereto, by appearing and not objecting thereto. Gary's Probate Law, sec. 87; *Meerholz* v. *Sessions*, 9 Cal. 277; *Brotherton* v. *Hart*, 11 Cal. 406; *Mecham* v. *McKay*, 37 Cal. 158; *Paul* v. *Armstrong*, 1 Nev. 82. Where the parties consent to the entry of a judgment or order, the appellate court cannot review that judgment at the request of either party. All parties are bound by it. *Townsend* v. *Masterson etc. Co.*, 15 N. Y. 587; *McAllister* v. *Albion Plank Road Co.*, 10 N. Y. 353.

Walter Bennett, for Appellees.

The probate court has no power to set aside, vacate or alter its final orders, judgments and decrees after the expiration of the term of court at which they are entered. *Estate of Hudson*, 63 Cal. 454; *In re Cahalan*, 70 Cal. 604, 12 Pac. 427; *Dean* v. *Superior Court*, 63 Cal. 473; *Smith* v. *Hauger*, 150 Mo. 437, 51 S. W. 1052; *In re Conant*, 43 Or. 530, 73 Pac. 1018; *Deering* v. *Quivey*, 26 Or. 556, 38 Pac. 710; *Dray* v. *Bloch*, 29 Or. 347, 45 Pac. 772; *Trawick* v. *Trawick*, 67 Ala. 271; *Cunningham* v. *Thompson*, 59 Ala. 158; *Watt* v. *Watt*, 37 Ala. 543; *Brandenburg* v. *State*, 24 Ark. 50; *Wood* v. *Payla*, 138 Mass. 61; *Hirshfield* v. *Brown* (Tex. Civ. App.), 30 S. W. 862. Such orders, judgments and decrees cannot be vacated or set aside even by consent. *Little Rock* v. *Bullock*, 6 Ark. 282; *Anderson, Admr.*, v. *Thompson*, 75 Tenn. (7 Lea) 259. Judgments cannot be vacated or set aside after the term at which they are rendered. Black on Judgments, sec. 306; *Bronson* v. *Schulten*, 104 U. S. 410, 26 L. Ed. 797. Except for want of jurisdiction. *Smith* v. *Hauger*, 150 Mo. 437, 51 S. W. 1052; *Habighorst* v. *Conant*, 43 Or. 530, 73 Pac. 1018.

NAVE, J.—Mrs. Otero brought suit against Joseph J. Otero and W. K. James to quiet title to real estate. From a judgment in favor of defendants, she has appealed.

The assignments of error are directed at a ruling of the court excluding from evidence an order of the probate court of Maricopa county offered in evidence by the plaintiff. The instrument so rejected has not been brought before us by the record. This point is raised by counsel for the appellees as an objection to our consideration of the assignments of error. Counsel for the appellant and counsel for the appellees have each failed to call our attention to the fact that the trial court, by its findings of fact, set forth its action with reference to this offer of evidence in sufficient detail to bring the ruling properly before us. The court's findings in this behalf are as follows: "That on September 20, 1901, the said Jesus L. Otero, the husband of the plaintiff, died intestate, leaving him surviving eight children, all of whom are still living. That thereafter, on December 6, 1901, one Arthur M. Otero was by the probate court of Maricopa county duly appointed the administrator of the estate of said Jesus L. Otero. . . . That thereafter, on July 8, 1903, the probate court entered an order discharging said administrator and releasing the sureties on his bond as such administrator. That on April 18, 1904, a petition was filed in the probate court by this plaintiff, in which, among other things, the said plaintiff set forth that the property described in the complaint herein, being the property of said estate, together with other property, was omitted from the inventory of the property filed on said twentieth day of May, 1902, by the said administrator, Arthur M. Otero, as the property of said estate. . . . That on the trial hereof, the plaintiff offered evidence to prove that the said probate court entertained said petition of the plaintiff herein which was filed in said court on said eighteenth day of April, 1904, at the request of the said Joseph J. Otero and Leopold P. Otero, and, with their consent, made an order setting aside the order discharging said Arthur M. Otero as administrator of said estate, and directed him to proceed and carry out the administration of said estate and to administer upon the property mentioned in said petition, including the property set forth in the complaint herein. Further, that said administrator did administer upon said property, and that part of the property mentioned in said petition was distributed to all of the heirs,

including said Joseph J. Otero and Leopold P. Otero, in the course of said later administration, and that in the course of the further administration of said estate the probate court, by and with the consent of all the heirs, did order the sale of the property mentioned in the complaint herein. That the sale thereof was made, and thereafter duly confirmed, and the administrator, Arthur M. Otero, directed to execute proper conveyance of said property, and that such conveyance was thereafter duly executed to the plaintiff herein, prior to the commencement of this action. That this court refused to allow the introduction of such evidence so offered, to all of which the plaintiff duly excepted."

Reference to the reporter's transcript, which is properly set forth in the abstract of the record and was allowed by the trial judge as correctly embodying his rulings, discloses that the objection to the introduction of these proceedings of the probate court, which was considered and sustained by the trial court, was that such proceedings were without the jurisdiction of the probate court. It is disclosed that the administrator of the Otero estate was discharged on July 8, 1903; that the petition upon which the order setting aside this order of discharge and directing further administration, and the orders of distribution and sale were based, was filed at a term of the probate court subsequent to that at which the order was made discharging the administrator. It was contended by the defendants (appellees) in the trial court, and is contended here, that after the lapse of the term at which the order was made discharging the administrator the probate court lost jurisdiction of the estate, and could not again acquire it except by the initiation of new proceedings; that the court could not set aside the order discharging the administrator by reason of such loss of jurisdiction. We concur with the appellees that the order discharging the administrator was a final order, and that the probate court did not have jurisdiction to set aside that order after the lapse of the term in which the order was entered. *Bronson* v. *Schulten*, 104 U. S. 415, 26 L. Ed. 797; *National Metal Co.* v. *Greene Consolidated Copper Co.*, 9 Ariz. 192, 80 Pac. 397; *Smith* v. *Hauger*, 150 Mo. 437, 51 S. W. 1052.

But it is also the law that "the records, orders, judgments and decrees of said probate courts shall have accorded to them like force and effect and legal presumptions as the record, orders, judgments and decrees of the district court." Para-

graph 1597, Revised Statutes of 1901 of Arizona. And also:
"The final settlement of an estate, as in this chapter pro-
vided, shall not prevent a subsequent issue of letters testa-
mentary, or of administration, or of administration with the
will annexed, if other property of the estate be discovered, or
if it become necessary or proper for any cause that letters
should be again issued." It appears from the trial court's
findings of fact that a petition was made to the probate
court setting forth the existence of unadministered property.
This petition is set forth in the abstract of record. It re-
cites "that Jesus L. Otero died on the twenty-ninth day of
September, 1901; that decedent, at the time of his death,
was a resident of Maricopa county, Arizona"; that, there-
tofore, upon petition, letters of administration had been is-
sued appointing Arthur M. Otero administrator. It sets
forth in some detail the acts of the administrator in adminis-
tering upon a portion of the estate; that the administrator
on July 8, 1903, was discharged; that since said discharge
it has come to the knowledge of petitioner that certain prop-
erty, to wit, real estate (described) situated in Phœnix, and
certain cattle on a range in Maricopa county, "being the
property of the said estate, was not inventoried, appraised or
distributed, . . . therefore your petitioner prays that the
order discharging the said administrator, Arthur M. Otero,
be set aside and vacated, and that the said administrator
be required to file an inventory of said property belonging
to said estate, and not heretofore administered upon, that
said property be appraised and administered upon, and that
this court make an order in due course of law distributing
said property to the parties entitled thereto." It is signed
by the petitioner, Maria O. Otero, appellant in this case.
Thus, there is here, in complete nicety, a petition complying
with the requirements of paragraph 1653: "Petitions for let-
ters of administration must be in writing signed by the appli-
cant, stating the facts essential to give the court jurisdiction
of the case." The death of the decedent, his residence within
the jurisdiction, and the existence of property of the estate
within the jurisdiction being shown, certainly no essential
is omitted. A less showing is sufficient. *Beckett* v. *Selover,*
7 Cal. 233, 68 Am. Dec. 237. Though the petition concludes
with a prayer which in part is beyond the court's jurisdic-
tion to grant, the facts alleged in it not only disclosed juris-
diction to act, but imposed upon the probate court a positive

legal duty to act. Van Fleet on Collateral Attack, sec. 60; *Goodwin* v. *Sims,* 86 Ala. 102, 11 Am. St. Rep. 21, 5 South. 587; *Hodge* v. *Fabian,* 31 S. C. 212, 17 Am. St. Rep. 25, 9 S. E. 820. The request for administration was joined in by one of the appellees and Leopold P. Otero, the predecessor in interest of W. K. James, who is the only other appellee. The interest of the latter was acquired from Leopold P. Otero subsequently to all of the orders and actions of the probate court herein referred to. Pursuant to this petition, the probate court made an order which purported, not merely to set aside the discharge of Arthur M. Otero as administrator, but further directed him to proceed with the administration of the estate and to administer upon the unadministered property. Whether notice pursuant to statute was given does not appear. But the only persons interested requested the proceedings. The petition to administer upon the unadministered estate gave the court jurisdiction. The manifest irregularity in the order of administration might have been the basis for a successful appeal, but did not defeat the jurisdiction. An order of administration was made, administration was had, and a final order of distribution was made. The administrator was in fact acting under a second appointment, and, although not so designated, was an administrator *de bonis non. Veach* v. *Rice,* 131 U. S. 293, 9 Sup. Ct. 730, 33 L. Ed. 163. This is not a situation in which proceedings are void by reason of the failure of a court to bring interested parties before it by proper process. Here the interested parties were actually in court, voluntarily appearing and joining in the request for the administration; and subsequently they consented to the sale through which appellant offered to show her title. Without inquiry as to what would be the situation if there had not been such appearance and joinder, by reason thereof the appellees may not collaterally attack these proceedings. It follows that the trial court materially erred in refusing the offered evidence.

The judgment of the district court is reversed, and the case is remanded for a new trial.

SLOAN and CAMPBELL, JJ., concur. DOAN, J., dissents.