[Civil No. 3245. Filed May 26, 1933.]

[22 Pac. (2d) 413.]

INTERMOUNTAIN BUILDING AND LOAN ASSOCIATION, a Corporation, Appellant, v. ALLISON STEEL MANUFACTURING COMPANY, a Corporation, WALLAPAI BRICK COMPANY, a Corporation, CALVERT-BAKER LIME & CEMENT COMPANY, a Corporation, SHOPE BRICK COMPANY OF PHOENIX, a Corporation, BOB CUSHMAN and BURWELL LEFTWICH, Appellees.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellant.

Messrs. Sloan, McKesson & Scott, for Appellee Allison Steel Manufacturing Company, a Corporation.

Messrs. Flanigan & Fields, Messrs. Cox, Moore & Janson and Messrs. Windes & Miller, for Other Appellees.

FICKETT, Superior Judge.—This is an appeal by the Intermountain Building and Loan Association, a corporation, hereinafter referred to as appellant, from a judgment of the superior court of Maricopa county in two cases consolidated for trial, wherein the court established and foreclosed several mechanics' and materialmen's liens, upon property in the city of Phoenix, hereinafter referred to as the Spear job, and adjudged them all to be prior and superior to the mortgage held by appellant on the same property.

The trial court correctly determined the priority of the various lien claimants in accordance with the decision of this court in *Wylie* v. *Douglas Lumber Co.,* 39 Ariz. 511, 8 Pac. (2d) 256, 83 A. L. R. 918.

Appellant's first assignment of error involves only the Allison Steel Manufacturing Company, a corporation, hereinafter referred to as appellee. The principal contractor, Rex B. Mesney, Inc., contractors, hereinafter referred to as contractor, was construct-

ing two buildings about the same time for the same owner, Phoenix Land & Investment Company, on two different pieces of property, one being known as the Spear job, on the property herein involved, and the other being known as the P. I. D. job. Appellee furnished the steel work on both jobs. Appellant, after construction was started on the Spear job, took a mortgage for $55,000 on the property herein involved, the money from which was to be advanced as the building progressed. Appellant had no connection of any kind with the P. I. D. job. On November 18, 1930, appellee received from the contractor the latter's own check for $2,100, which payment appellee applied to contractor's credit on the P. I. D. job. The money represented by this check was received by the contractor from appellant as part of the mortgage money, and appellant contends that the appellee knew this money was part of the money advanced by the appellant mortgagee, and that appellee was therefore under legal obligation to credit this $2,100 on the Spear job, which would have made its judgment in this action $2,100 less. The trial court refused to allow this credit and appellant assigns this as error.

Under the rule heretofore announced by this court in *Watson et ux.* v. *Murphey,* 36 Ariz. 377, 285 Pac. 1037; *Stolaroff* v. *Bassett Lumber Co.,* 21 Ariz. 490, 190 Pac. 81, if appellee knew, or was sufficiently informed so as to have been charged with knowledge, that the $2,100 in question was paid to the contractor by appellant as part of the mortgage money, appellee was obliged to credit said payment to the Spear job, and this rule would apply, even though the owner and contractor defaulted, as was done in this case, provided that this issue was properly presented by pleading it specially.

The evidence showed that attached to the contractor's check of $2,100 was a detachable stub, bearing this notation:

"11/18 Structural Steel —— P. I. D. Job as per contract —— $2,100 —— $2,100."

The original contract for structural steel on the P. I. D. job was $2,100, which was then due, plus about $78 for extras. The check was received by appellee through the mail, and no letter or other instructions of any kind accompanied it other than the detachable stub above referred to. Appellant did not give any notice of any kind to appellee to the effect that it had paid money to the contractor which could be used to cover this steel work on the Spear job. While appellee knew that appellant was furnishing some money under a mortgage on the Spear job, it had no knowledge of any kind as to the source of this particular payment. A few days after the check was cashed, the secretary of the contractor called appellee's office on the phone, requesting that the credit be transferred from the P. I. D. job to the Spear job, which request was refused. In this telephone conversation no mention was made about the money coming from the appellant. Under these facts the trial court was correct in holding that appellee was justified in applying the check in accordance with the instructions on the detachable stub, and it was not obliged to change the credit after being called on the phone, as there was no proof of facts charging appellee with knowledge of the source of this particular payment.

Some of this evidence was directly controverted, but since there was ample evidence to support the trial court's finding, under our well-established rule, which requires no citation of authority, we will not disturb the trial court's finding in that particular.

Appellant's other assignments raise the legal question as to the authority of the trial court to amend or modify its own judgment so as to materially and substantially alter and change the legal rights of the parties to the actions as determined in the original judgment.

The final judgment in this action was first signed and entered on January 25, 1932, simultaneously with the findings of fact and conclusions of law, as the case was tried before the court without a jury. Motions for new trial were filed within the statutory period by appellant and by other lien claimants, and from time to time these motions were duly continued until March 29, 1932, and were never passed upon. On March 2nd, 1932, a motion to modify the findings, conclusions and judgment was served and filed, which was joined in by most of the lien claimants. On March 14, 1932, the following minute entry was made: "It is ordered that motion to modify conclusions of law and judgment are granted in accordance with motion," and on March 24, 1932, there was signed and filed by the court its modified findings of fact, conclusions of law and judgment, which materially and substantially altered and changed the priorities and legal rights of the respective parties as set forth in the original judgment.

Appellant's first contention in this particular is that the minute entry of March 14th is not sufficiently definite upon which to predicate a final judgment. While the minute entry could be more specific, its obscurity merely necessitates looking at the signed judgment of the court to determine its decision and ruling, and this latter will be given full force and effect in accordance with the decisions of this court. *Estate of Schuster,* 35 Ariz. 457, at page 473, 281 Pac. 38; *McFadden* v. *McFadden,* 22 Ariz. 246, 196 Pac. 452.

Appellant's principal contention is that the trial court had no right to enter a modified judgment or amend the original judgment by correcting a judicial mistake or error of law or to vary the rights of the parties as fixed by the original judgment, and hence, the modified judgment of March 24, 1932, is void and of no effect.

Paragraph 3859 of the Revised Code of Arizona, 1928, provides: "The court may, any time within six months after the making or entry of any judgment . . . for good cause shown, modify or set aside its judgments, orders or proceedings," and this is identical with paragraph 600 of the Arizona Civil Code, 1913.

It is a well-accepted rule of common law, as was stated by the Supreme Court of Wyoming in *Sioux City Seed Co.* v. *Montgomery,* 42 Wyo. 170, 291 Pac. 918, that:

"A court has full control over its orders or judgments during the term at which they are made, and may, in the exercise of its discretion, amend, correct, open or vacate them. *McGinnis* v. *Beatty,* 28 Wyo. 328, 204 Pac. 340; 34 C. J. 207. This power is derived from the common law, and exists independently of any statute. The judgment may, during that time, be set aside on the court's own motion or upon the motion of an interested party. The form of the motion is not of importance. Thus it has been held that it may be oral."

Since the 1913 Code, Arizona has not had any court terms, in the technical use of that word, but paragraph 3859 of the 1928 Code fixes the period of limitation within which the trial court can modify or set aside its judgment, and as we have heretofore held in *Sam* v. *State,* 33 Ariz. 421, 265 Pac. 622, paragraph 3859 of the 1928 Code, being then paragraph 600 of the 1913 Code, merely had the effect of giving to the trial court the same right to modify and change its judgment that existed at the common law, and merely fixed the period of limitation at six months, instead of the court term. We now reaffirm that position and hold that the trial court in this case had full power and authority to make and enter its modified findings of fact, conclusions of law and judgment

under the provisions of paragraph 3859 of the 1928 Code.

Appellant relies strongly on the decision of this court in *Rico Consolidated Min. Co.* v. *Rico Exploration Co.*, 23 Ariz. 389, 204 Pac. 138, but the holding therein is not applicable to the facts in this case.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.

NOTE.—Honorable A. C. LOCKWOOD, Justice, being ill, Honorable FRED W. FICKETT, Judge of the Superior Court of Pima County, was called to sit in his place and stead.