[Civil No. 3781. Filed April 19, 1937.]

[67 Pac. (2d) 230.]

In the Matter of the Estate of B. B. RALPH, Deceased. GEORGE A. RALPH, Co-Executor, Appellant, v. CLEM T. KELEHER, Co-Executor, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. W. Dean Nutting, Mr. Don T. Udall, and Mr. Edmund H. McVey, of Kansas City, Missouri, for Appellee.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Navajo county, setting aside the final discharge of executors in the estate of B. B. Ralph, deceased, and allowing an executor's fee in said estate. The facts necessary to a determination of the appeal may be stated as follows:

On the 5th of January, 1932, B. B. Ralph, hereinafter called deceased, died testate in the state of Missouri, leaving property in Missouri, Arizona, Oklahoma, Texas, and elsewhere. Shortly after his death, his will was formally admitted to probate in Jackson county, Missouri, this being the court of primary jurisdiction. It was later probated in the superior court of Navajo county, Arizona, this proceeding being ancillary to the Missouri administration. Geoge A. Ralph and Clem T. Keleher were the executors named in the will, and they qualified both in Missouri and in Arizona. The will provided, among other things, that Keleher should be paid a sum equal to 10 per cent. of the personal estate of the deceased, and 10 per cent. of the money arising from the sale of real estate owned by him, in lieu of the statutory fees allowed an executor. The estate in Arizona was administered in accordance with the terms of the will, but when it became time to close the ancillary probate and discharge the executors in Arizona, the superior court of Navajo county failed to determine the amount of the fee due

Keleher for his services in the state of Arizona, believing that this could and should properly be determined in the court of principal administration in Missouri. In the order settling the final account and report and decree of distribution, it was therefore provided:

" . . . That the said estate is in a condition to be distributed and closed, without prejudice to right of Clem T. Keleher, executor, to be allowed and paid commission by court of primary and domiciliary jurisdiction upon Arizona property administered in this ancillary proceeding,"

and the executors were formally discharged by an order entered on the 2d day of December, 1935. On March 24, 1936, Keleher filed a petition in the superior court of Navajo county, setting up the decree of distribution and discharge as aforesaid, and alleging that the probate court of Missouri did not have the authority to pay the executor's fee provided by the will for property located in Arizona without receiving an order fixing the fee from the court of ancillary jurisdiction in that state. Request was therefore made that the order discharging the executors in Arizona be set aside, and that the amount of the fee allowed by the will be fixed in the ancillary administration. George A. Ralph, the coexecutor, who was also one of the legatees under the will, objected to the setting aside of the order, on the ground that the court had lost jurisdiction of the estate. This objection was finally overruled by the court, and the order discharging the executors on December 2, 1935, was set aside, and a fee in the sum of $4,457.50 was fixed for Keleher, as the executor's fee for his services in the administration in Arizona. From such order, this appeal was taken.

The sole question before us is whether or not the probate court had jurisdiction to set aside the

order of discharge, there being no claim, that if it did its subsequent order was not in all respects proper. Appellant apparently bases his objection to the jurisdiction on the theory that a motion to set aside a final order of this kind is, in effect, a motion for a new trial which, under our code, must be made within ten days after the rendition of the judgment and determined within twenty days thereafter. Section 3850, Rev. Code 1928.

It is the contention of appellee that the petition to set aside the order was not a motion for new trial under section 3850, *supra,* but was a motion to set aside the order under section 3859, Rev. Code 1928, which reads as follows:

*"When judgment may be vacated or modified.* The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings."

This section first came into our statutes in the Civil Code of 1913, adopted immediately after Arizona had passed from the territorial to the state form of government. Under the territorial system, trial courts had terms, but under the system adopted by the state Constitution such terms no longer existed. Under the common law, trial courts had the inherent power to vacate, modify, or set aside orders or judgments during the term in which they were rendered, but had no such power after the term had expired, except under certain special circumstances when they were affected by fraud. When, however, terms were abolished, it was necessary to establish some statutory rule to take the place of the common-law rule, which no longer had a foundation upon which it could be based. In

order to meet this situation and preserve a reasonable period for the trial court to correct its judgments, the Civil Code of 1913 provided that a period of six months should be allowed a trial court for this purpose, and this provision was carried forward into the Revised Code of 1928 as section 3859, *supra.*

This section, in substance, affirms the common-law doctrine in regard to the right of setting aside judgments and orders, but fixes the period during which the court may act as six months, in place of the now obsolete terms of court. *Sam* v. *State,* 33 Ariz. 421, 265 Pac. 622; *Hayward* v. *Knapp,* 22 Minn. 5; *Russell* v. *Gunn,* 40 Minn. 463, 42 N. W. 391. The case of *Otero* v. *Otero,* 11 Ariz. 260, 90 Pac. 601, involved a situation very similar to that of the case at bar. The administrator was discharged and the estate closed on July 8, 1903. Nearly a year thereafter a petition was filed asking that the order closing the estate and discharging the administrator be set aside and the estate reopened. In that case, as in this, the contention was made that the probate court had lost jurisdiction of the estate and, therefore, could not set aside the order discharging the administrator. At that time terms of court existed and the court held that the probate court did not have jurisdiction to set aside its order after the lapse of the term in which the order was made. We think this was an inferential, though not a direct, holding that the court did have jurisdiction to set aside the order of discharge within the term during which it was made.

Since the period of six months set forth in section 3859, *supra,* was substituted for the terms of court existing at the time the Otero case was decided, we think that case is authority for holding the superior court of Navajo county had jurisdiction to set aside its order any time within six months after it was made.

The superior court acted within its jurisdiction, and its order is affirmed.

McALISTER, C. J., and ROSS, J., concur.