**CITY AND COUNTY OF HONOLULU,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14220.

United States Court of Appeals
Ninth Circuit.

June 30, 1955.

Norman K. Chung, City and County Atty., Ted T. Tsukiyama, Deputy City and County Atty., City and County of Honolulu, Honolulu, Hawaii, for appellant.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Attys., Department of Justice, Washington, D. C., Louis Blissard, U. S. Atty., Honolulu, Hawaii, for appellee.

Before DENMAN, Chief Judge, and ORR and FEE, Circuit Judges.

DENMAN, Chief Judge.

The City and County of Honolulu has appealed from a judgment entered by the United States District Court for the District of Hawaii dismissing appellant's motion, under F.R.C.P. Rule 60(b) (6), 28 U.S.C.A., for relief from a judgment condemning certain interests in land formerly owned by appellant.

In its motion the city asked that the district court "find, determine and declare that the United States as plaintiff did not include the said water system within the property to be condemned * * * and that the right and title to said Water System did not pass and vest in the United States * * *". Also

that the United States be ordered to restore possession of the water system and cease and desist from exercising dominion or ownership over it. It is further prayed that the court "grant any such other and further relief as may be just, appropriate and proper in the premises." As will appear, the district court was bound by the limitation of Rule 60(b) to dismiss the motion.

On January 8, 1946, appellee United States filed a petition to condemn for naval purposes the "fee simple title" to certain streets, roads and highways of the city and county,[1] *"subject to existing public utility easements and all other public utility easements."* The italicized portion of the petition so containing the exception of the "easements" was stricken on March 27, 1947, thus making it a petition to condemn the fee including the easements. A declaration of taking for the entire fee was filed and the judgment on the petition condemning it for the United States was entered on March 31, 1947. The fee having thus passed to the United States a hearing was had on July 11, 1949 to determine the compensation to the city and county and judgment was entered July 20, 1949 fixing the compensation.

On appeal this court affirmed the latter judgment on April 13, 1951. City and County of Honolulu v. United States, 9 Cir., 188 F.2d 459.

Appellant had held title[1] to an easement described by the term "water system" consisting of "6″ and 8″ cast iron water mains, fittings, valves, meter boxes [and] manholes" permanently installed underground, under the city and county's streets, roads and highways. On October 23, 1953, more than a year after both the above judgments, appellant filed his motion in the present proceeding.

Appellant admitted at the hearing of this appeal that the easement was taken from it by the judgment, but makes two claims for relief under paragraph (6)

of F.R.C.P. Rule 60(b), the pertinent portions of which are:

"Rule 60. Relief from Judgment or Order * * *

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) *any other reason justifying relief from the operation of the judgment."* (Emphasis supplied.)

■ One contention is that the judgment giving the easement to the United States did not give it the title to the permanently installed iron pipes and appellant hence has the right to reclaim and remove them. As stated we are not concerned with the merits of this contention but its relevance to Rule 60(b)(6). Assuming as contended that the judgment gave no title to the pipes, there is nothing from which the city and county requires relief under rule 60(b)(6). The judgment as appellant construes it does not prevent it from reclaiming its pipes.

■ The other contention is that the rule entitles them to relief because certain Navy officials concerned with the water supply of military installations of Pearl Harbor and the city did various acts before the amendment of the condemnation petition indicating their belief that the easement belonged to the city and after the judgment of condemnation both the city and these officials continued to have such belief. Hence it is contended the court should have construed the judgment of 1947 as not taking the easement from the city.

Here again we are not concerned with the merits of this contention, for it is apparent that it is based on no more than mutual "mistake" of paragraph (1) of

---

1. Although the fee simple title to the roads was in the Territory of Hawaii and not appellant, it was stipulated that for the purposes of the proceeding, fee simple title was in the City and County.

60(b) and not on the "any other reason" of paragraph (6). Since more than a year passed after both the above judgments when the motion was filed the district court was required to dismiss it. West Virginia Oil and Gas Co. v. George E. Breece Lumber Co., 5 Cir., 213 F.2d 702, 706; Cf. Klapprott v. United States, 1949, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266; United States v. Karahalias, 2 Cir., 205 F.2d 331, 334.

The judgment of dismissal is affirmed.