445 P.2d 848

**FIRST NATIONAL BANK OF ARIZONA, a corporation, and First Bank Building Corporation, Appellants,**

v.

**OTIS ELEVATOR COMPANY, Inc., Appellee.**

**No. I CA–CIV 618.**

Court of Appeals of Arizona.

Oct. 18, 1968.

Rehearing Denied Nov. 15, 1968.

Review Denied Dec. 17, 1968.

Moore, Romley, Kaplan, Robbins & Green, by Curtis A. Jennings, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, by Thomas J. Trimble and I. Douglas Dunipace, Phoenix, for appellee.

MOLLOY, Judge.

This appeal questions the propriety of an order entered after final judgment in litigation which has previously been before this court.[1] The questioned order denies the petition of First National Bank to have judgment against Otis Elevator for the expense incurred by it in the previous litigation, both in the trial court and on appeal. The majority of the claim is for attorneys' fees.

We agree with the trial court that this claim to recover these expenses has already been finally determined adversely to First National Bank. In its cross-claim filed against Otis Elevator in the original action in the superior court, First National Bank alleged that it had incurred, in defending the principal action, expense for investigation and attorneys' fees in amounts not yet fully ascertainable, and that it was entitled to "indemnity from Otis Elevator Co., Inc.

for all damages and expenses incurred." Its prayer in the original action included the recovery of these expenses.

The judgment entered in the trial court on the cross-claim of First National Bank provided:

"IT IS ORDERED, ADJUDGED AND DECREED that defendants First National Bank of Arizona and First Bank Building Corporation have and recover judgment against Otis Elevator Co., Inc. in an amount equal to the judgment of plaintiff against defendants * * * plus plaintiff's taxable costs and defendants First National Bank of Arizona and First Bank Building Corporation's taxable costs; including the jury fees assessed against said defendants, *but denying recovery for attorneys' fees."* (Emphasis added)

This judgment must be construed in the light of the issues before the court and we deem it a denial of all relief prayed for except that which was granted. 49 C.J.S. Judgments § 441, at 873. First National Bank did not appeal from this judgment. Its petition for allowance of expenses and costs was filed more than nine months after the mandate was issued on the opinion affirming the judgment of the trial court. (2 Ariz.App. at 91, 406 P.2d 430).

The Bank cites no rule of procedure permitting this attempt to revive the old action as a vehicle to recover these expenses. Instead, First National relies upon the decision of General Electric Co. v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (D.C.W.D.Va.1960), which permitted a claim for attorneys' fees on appeal to be raised for the first time in the trial court after remand by the appellate court. The decision does not indicate how long after remand the claim was presented. The opinion declares that the District Court has the discretion to consider such a claim when made "prior to the time that the case is finally concluded." (186 F.Supp. 766)

1. First National Bank of Arizona v. Otis Elevator Co., 2 Ariz.App. 80, 406 P.2d 430, rehearing den., 2 Ariz.App. 596, 411 P.2d 34 (1965).

■ The power of our Superior Court to continue to render relief in an action after final judgment is not unlimited. See In re Ralph's Estate, 49 Ariz. 391, 67 P.2d 230 (1937); Intermountain Building & Loan Ass'n v. Allison Steel Mfg. Co., 42 Ariz. 51, 22 P.2d 413 (1933); Sam v. State, 33 Ariz. 421, 265 P. 622 (1928); and, Harold Laz Advertising Co. v. Dunes, 2 Ariz.App. 236, 407 P.2d 777 (1965).

■ But, assuming, without deciding, that there is no jurisdictional impediment to opening up this old litigation by this motion, it is our view that the motion is as subject to the doctrine of res judicata as a new action would be. If the issue raised by the motion is one disposed of by a judgment which has become finalized, and in the absence of any of the grounds for relief from a judgment delineated in Rule 60(c), Rules of Civil Procedure, 16 A.R.S., this should be the end of this matter as between these parties.

■ The reasons advanced as to why First National Bank should recover its attorneys' fees are the same for both those incurred in the trial court and in the appellate court. It relies upon general law pertaining to indemnity. I.e., see 27 Am. Jur. Indemnity § 27, at 473–74.

The issue of whether First National Bank was entitled under the law of indemnity to recover its attorneys' fees was squarely presented to the trial court and answered unfavorably by the judgment above quoted. Whether that decision was right or wrong, it is conclusive as between these parties. School District No. 1 of Navajo County v. Snowflake Union High School District of Navajo County, 100 Ariz. 389, 392, 414 P.2d 985 (1966).

Pertinent law is stated as follows:

"Where a question of law is actually litigated and determined in an action, the determination is ordinarily conclusive between the parties in a subsequent action *involving the same subject matter or transaction,* although based upon a different cause of action from that upon which the original action was based." (Emphasis added) Restatement of the Law of Judgments § 70, Comment b, at 320.

Clearly the question of whether expenses of an appeal are recoverable under an indemnity theory is the same "question of law" as whether the expenses in the trial court in the same action are recoverable under the same theory. Likewise, it is clear that these claims (if they are separate claims) arise out of the "same subject matter or transaction." Some courts reach the same result as the Restatement by regarding an adjudication such as this as the final disposition of an "issue" between the same parties. See cases cited in 1B Moore's Federal Practice § 0.443[2], at 3903 et seq.

The reliance of First National Bank upon Frank R. Jelleff, Inc., to Use of Liberty Mutual Ins. Co. v. Pollak Bros., Inc., 171 F. Supp. 467 (D.C.N.D.Ind.1957) and General Electric Company v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (D.C.W.D.Va.1960) is not merited. In neither decision was there a judgment previously rendered against the claim for recovery of expenses.

As to First National's claim for expenses other than attorneys' fees, they either fall in the above rule, having been denied by implication in the judgment affirmed, or they are matters of legal cost, trial and appellate, with the time for the filing of cost bills in both courts long since expired. A.R.S. § 12–346 and Rule 13(a), Rules of the Supreme Court, 17 A.R.S., and see O'Malley Inv. & Realty Co. v. Trimble, 5 Ariz.App. 434, 427 P.2d 926 (1966).[2]

Judgment affirmed.

---

2. Several of the items sought to be recovered in this proceeding were included in a cost bill filed in the previous appeal.

This cost bill was disallowed by this court, after objection because filed one day late.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.