463 P.2d 118

**Robert D. MORGAN, Appellant,**

v.

**METRO–GOLDWYN–MAYER, INC., a Delaware corporation, Appellee.**

**No. I CA–CIV 746.**

Court of Appeals of Arizona,
Division 1.

Department B.

Jan. 6, 1970.

Rehearing Denied Feb. 19, 1970.

Review Denied March 3, 1970.

**224**

Charles M. Brewer, Phoenix, for appellant.

Jennings, Strouss & Salmon, by Rex H. Moore, Rex E. Lee, Phoenix, for appellee.

Robert K. Park, Phoenix, for State Industrial Commission.

EUBANK, Presiding Judge.

This case is before this Court for the second time. It was originally here on appellant's petition for a writ of certiorari under Docket No. 1 CA-CIV 132, which was denied on April 19, 1965. Thereafter the Arizona Supreme Court granted the writ and rendered an extensive decision on the merits of the case, which decision, as we will point out, is dispositive of questions raised on this appeal. This prior decision is Morgan v. Hays and Metro-Goldwyn-Mayer, Inc., 102 Ariz. 150, 426 P.2d 647 (1967), cert. denied, 389 U.S. 859, 88

S.Ct. 105, 19 L.Ed.2d 125 (1967). It involves the same parties standing in the same capacity as they do in this matter and, upon analysis, involves the same legal issues.

In the prior decision Robert D. Morgan, hereinafter referred to as appellant, sued Metro-Goldwyn-Mayer, hereinafter referred to as MGM, his employer, in the Maricopa County Superior Court for damages arising from his personal injuries which allegedly resulted from MGM's negligent conduct. MGM moved to dismiss the complaint alleging that the Superior Court lacked jurisdiction over the cause of action by reason of the appellant electing to take coverage under the State Workmen's Compensation Act by applying for and receiving compensation benefits. At the same time, MGM sought an order setting this motion for preliminary hearing to the trial court. The trial court granted the motion for the preliminary hearing and appellant petitioned the Supreme Court for a writ of certiorari, alleging that such a hearing deprived appellant of a jury trial on the fact issue of waiver. The writ was denied and the hearing was held, after which the trial judge advised counsel that he declined to rule on the jurisdictional question in advance of the jury trial. MGM then petitioned for a writ of mandamus in the Supreme Court requesting that the trial court be ordered to rule on the jurisdictional question immediately. The Supreme Court agreed with MGM and granted a preemptory writ ordering the trial court to rule, after which the trial court did rule and granted MGM's motion to dismiss for lack of jurisdiction. The trial court filed findings of fact and conclusions of law in support of its dismissal order concluding that appellant's exclusive remedy was vested either in the Industrial Accident Commission of the State of California, or the Industrial Commission of Arizona, and that the trial court had no jurisdiction over the matter.

Appellant then filed his notice of appeal but failed to file his cost bond, as required by Rule 73(b), Arizona Rules of Civil Procedure, and thereby failed to perfect his ap-

peal. He then petitioned this court for a writ of certiorari, which was denied. The writ was subsequently granted by the State Supreme Court and the Morgan v. Hays decision, supra, resulted·from that hearing. The Supreme Court, in its decision, affirmed the trial court's judgment of dismissal. For a discussion of that decision, see Skarecky, Workmen's Compensation—Election of Remedies—Question of Election is One of Law to be Decided by Trial Court. Morgan v. Hays (Ariz.1967), 9 Ariz.L.Rev. 543. In its opinion the Supreme Court based its affirmance on two grounds: First, that a question of election to take under the Workmen's Compensation statute is a preliminary question to be decided by the trial court prior to·jury trial, which was properly disposed of by the trial court; and Second, that the findings of fact of the trial court, on the issue of appellant's waiver to sue MGM under A.R.S. Section 23–1024, were substantially supported by the evidence.

■ Following the issuance of the mandate, the appellant returned to the trial court and filed an amended and supplemental motion for new trial[1] under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. This motion was considered and denied by the trial court and this present appeal results from the denial of that Rule 60(c) motion. A motion under Rule 60(c) is addressed to the discretion of the trial court and the result reached by that court will be sustained on appeal unless the record on appeal demonstrates a clear abuse of that discretion. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957); Haenichen v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969).

Appellant raises three questions on appeal: First, did the trial court abuse its discretion in denying plaintiff's motion for a new trial pursuant to Rule 60(c), Rules of Civil Procedure; Second, were the facts shown upon plaintiff's motion for new trial such as would probably have changed the result, should a new trial be granted;

and, Third, was·the appellant required to show due diligence in securing the facts and evidence relied upon in his motions for new trial?

MGM raises a preliminary question which must be disposed of prior to the consideration of the appellant's questions, that is, whether the appeal should be dismissed as moot because the prior judgment of the Arizona Supreme Court in Morgan v. Hays, supra, is now res judicata and dispositive of the rights of the parties in this case on the issue raised by the Rule 60(c) motion, i. e., fraud.

The effect of Rule 60(c) on a mandate from the Supreme Court was considered by Judge Molloy, speaking for Division Two of this Court in First National Bank of Arizona v. Otis Elevator Company, Inc., 8 Ariz.App. 291, 293, 445 P.2d 848 (1968), wherein he pointed out that a motion under 60(c) is as subject to the doctrine of res judicata as a new action would be. The same rule applies under Rule 60(b), Federal Rules of Civil Procedure, which is identical to Arizona Rule 60(c). In 7 Moore's Federal Practice, Sec. 60.30[2], p. 339, the federal rule is stated thus:

> "Where the appellate court has affirmed or reversed, then relief by the district court under 60(b) must reckon with the appellate court's mandate. 'The authorities seem uniform that a mandate from a reviewing court is controlling as to all matters within the compass of such mandate and as to such matters the District Court, after remand can take no·further action.' (Citation omitted). At times a motion for relief *will not* raise matters that are within the compass of the mandate, (citation omitted) and in that event the district court clearly has the power to proceed with the 60(b) motion without leave of the appellate court. (Citation omitted)." (Emphasis supplied).

See also 3A Ohlinger's Federal Practice 418, 420 (Rev.Ed.1964); Perrin v. Aluminum Co. of America, 197 F.2d 254 (9th Cir. 1952); City and County of Honolulu

---

1. Actually a motion to set aside the judgment.

v. United States, 224 F.2d 573 (9th Cir. 1955).

■ The foregoing authorities require that the application of the doctrine of res judicata be applied in a Rule 60(c) motion where a mandate has issued from the Supreme Court, where the same parties are involved and where the same issues are raised. The exception according to Moore, supra, is where an issue is raised by the motion which does not raise matters within the compass of the mandate. See Restatement, Judgments, Section 70 (1942). Appellant, in effect, claims that a new issue was raised primarily upon one ground alone—fraud. This fraud arises, he says, from the alleged forgery or fraud in procuring the initial Industrial Commission Form C–407 upon which the defense of waiver was sustained. This argument fails to fully examine the extent of the Supreme Court's decision and mandate in this case. The decision specifically cites Findings of Fact 29, 30, 31, 32 and concludes that, " * * * These find-

ings of the court were substantially supported by the evidence. Under these circumstances we do not feel that the court erred in its conclusion that there had been a waiver. * * *" Those findings are set out in a footnote.[2] In addition, findings Nos. 33, 34 and 35 made by the trial court in support of its conclusion of its lack of jurisdiction must be examined in the light of appellant's "new issue" allegation of fraud. They are as follows:

"33. Thereafter and on May 23, 1962; June 27, 1962; July 13, 1962; July 20, 1962; July 28, 1962; August 2, 1962; August 16, 1962; September 1, 1962; September 16, 1962; October 1, 1962; October 17, 1962; November 2, 1962; November 16, 1962; and December 2, 1962, plaintiff executed or caused to be executed documents entitled 'Workman's Supplemental Claim for Compensation' and filed or caused the filing of said documents with the Industrial Commis-

2. " '29. Following his admission to the hospital and on or about April 16, 1962, plaintiff sought and obtained the legal advice of the law firm of Snell & Wilmer, Phoenix, Arizona, and in particular, consulted with Mr. Frederick K. Steiner, Jr., a partner, and Donald Daughton, an associate of that law firm.

" '30. On April 16 and again on April 19, 1962, when plaintiff was interviewed by said attorneys while in the hospital, he was lucid and responsive and was able to give an account of the accident and expressed a strong desire to sue his employer for what he believed was their negligence. He advised said attorneys that he had signed some document respecting Workmen's Compensation and that, among other things, said document provided that his benefits would be 65% of $1,000.00 per month.

" '31. The plaintiff sought and received legal advice from said attorneys with respect to whether or not he had an option to sue his employer for damages; that he was advised by said attorneys that his sole and exclusive remedy was a claim against the Industrial Commission of Arizona for Workmen's Compensation Benefits unless his employer failed to comply with the requirements of the Act in obtaining Workmen's Compensation Insurance, posting of notices or avail-

ability of rejection slips. Said attorneys advised him that he should accept Workmen's Compensation Benefits, said advice being given both orally and in writing.

" '32. After consulting with said attorneys and on or about April 23, 1962, plaintiff executed or caused to be executed and filed with the Industrial Commission of Arizona a document entitled "Workman's Report of Injuries and Application for Benefits." '

"The court went on to find that claims had been presented, and petitioner was paid compensation in a total sum of $4,795.41, and medical and hospital expense in the sum of $15,246.70. These findings of the court were substantially supported by the evidence. Under these circumstances we do not feel that the court erred in its conclusion that there had been a waiver. Since the waiver alone is sufficient, it is not necessary for us to pass upon the other matters raised by the petitioner in regard to the jurisdiction of the court, and having decided this case upon its merits it is not necessary for us to pass upon the propriety or the timeliness of the filing of the writ of certiorari after the time for appeal has expired.

"Judgment affirmed." (at pp. 155–156 of 102 Ariz., at p. 652 of 426 P.2d.)

sion of Arizona, knowing and understanding that these were claims for Workmen's Compensation.

"34. The Industrial Commission of Arizona caused to be paid and plaintiff accepted Workmen's Compensation Benefits pursuant to each of the aforesaid 'Workman's Report of Injury and Application for Benefits' and 'Workman's Supplemental Claim for Compensation' under and pursuant to the provisions of the laws of the State of Arizona for the period from April 10, 1962, through November 16, 1962, in the total sum of $4,795.41.

"35. In addition to the aforesaid Workmen's Compensation Benefits, the Industrial Commission of Arizona paid or caused to be paid medical and hospital expenses of plaintiff in the sum of $15,246.70."

 It is true, as appellant alleges, that the mandate quoted with approval the trial court's holding that appellant had made a waiver under A.R.S. Section 23–1024 in these terms: "The plaintiff [appellant], by *making a claim* for Workmen's Compensation benefits and continuing to accept the same with full knowledge of his legal rights and with full knowledge of the legal conditions precedent to a suit against his employer, waived any right or option, if any, which he ever had to file any claim in this Court against his employer." (At p. 155 of 102 Ariz., at p. 652 of 426 P.2d). (Emphasis added). However, assuming actual fraud in the procurement of Form C–407, the initial application in "making a claim"— would this fact alone raise matters which would place appellant's motion outside of the compass of the mandate? We believe that it would not. The decision upon which the mandate is based goes far beyond "making" the initial form C–407 claim, and is based primarily upon appellant's personal knowledge, the legal advice he received, and his continued application for and acceptance of Workmen's Compensation benefits over an extended period of time and there-

fore if fraud existed initially, it is immaterial. The findings of fact set out herein sufficiently illustrate this point without further elaboration.

It is our opinion, therefore, that the allegation of fraud in the procurement of the original application by appellant does not raise a new issue outside of the compass of the Supreme Court's mandate, and, consequently, the doctrine of res judicata applies in this case to the issue of waiver.

Returning to appellant's first question on appeal, it is clear that under the compass of the Supreme Court's mandate that the trial court did not abuse its discretion in denying the Rule 60(c) motion. It is equally clear that his second question—that the facts shown would probably have changed the result if a new trial were granted—is not supported by the record. Finally, appellant's third question, concerning his due diligence in securing the facts and evidence relied upon for his motion, need not be considered for it adds nothing one way or the other to the disposition of this matter.

The judgment of the trial court is affirmed.

HAIRE and JACOBSON, JJ., concur.